KATE BURNS et al., Respondents, v. METROPOLI-
TAN LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 10, 1910.

LIFE INSURANCE: Misrepresentations: Age: Contract: Statute.
A policy of life insurance contained a stipulation that notwith-
standing the age stated by the assured when obtaining the pol-
icy, the true age should govern and the amount due on the
policy would be the amount the premiums would buy at the
true age.    Held, an invalid provision, under the statute pro-
viding that no misrepresentation should be deemed material or
avoid the policy.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,*
Judge.

AFFIRMED.

*Nathan Frank, W. M. Oliver* and *Tunnell & Hart*
for appellant.

(1)    The proofs of death offered in evidence by re-
spondents were admissible for no purpose except to
show that proofs had been duly furnished; their con-
tents were not admissible as evidence for respondents.
2 Bacon, Benefit Societies (3d Ed.), 471; Breckenridge
v. Insurance Co., 87 Mo. 72; Baile v. Insurance Co., 73
Mo. 371.    (2)    Sections 7890 and 7891 of the Revised
Statutes 1899, have no application to the defense sought
to be made by appellant.    The manifest aim and effect
of these sections was to prevent forfeitures of all
rights under policies by reason of the immaterial mis-

representations which in no way prejudiced the insurer. Schuerman v. Insurance Co., 165 Mo. 650; Keller v. Insurance Co., 198 Mo. 455. (3) The provision of the policy in suit to the effect that the amount payable thereunder should be such sum as the actual premium paid would have purchased at the true age of the insured, is valid and binding and does not depend upon any misrepresentation made by the insured. Sections 7890 and 7891, Revised Statutes 1899, have no application here, and the trial court should have submitted the issues as to the age of John O'Neill to the jury under the instructions asked by appellant.

*Burns & Burns* for respondents.

(1) The first point raised by the appellant seems to be that the death proofs were not properly admitted and cite two cases in support of that contention, both of which are cases relative to fire insurance and one of which is an equity suit, and neither of which apply to this case. It seems to us that under the pleadings there can be no question but the death proofs offered in evidence were properly admitted for all the purposes and to prove all the matters attempted to be proved by them. It is next urged by appellant that sections 7890 and 7891 of the Revised Statutes of Missouri 1899, have no application to the defense attempted in this case and cite Schuerman v. Insurance Co., 165 Mo. 650, and Keller v. Insurance Co., 198 Mo. 455. (2) It seems to us, however, that so far as these cases are applicable to the case at bar, they sustain the contention of respondents. (3) The trial court very properly refused appellant's demurrer and other instructions and very properly sustained respondents' motion to strike out all of the evidence of appellant, and very properly gave the peremptory instruction requested by respondents, and under the law could have done no more. Lavin v. Insurance Co., 101 Mo. App. 434; Kern v. Legion of Honor, 167 Mo. 471.

ELLISON, J.—Defendant issued to one John O'Neil a policy of life insurance, agreeing, upon certain conditions to pay upon his death, to his two daughters, the sum of five hundred dollars. He paid the premiums until his death. Defendant tendered $291.33 in full discharge of the amount due on the policy. The tender was refused and this action was brought. The tender was kept good. The trial court rendered judgment for the plaintiffs for the full face of the policy, and defendant appealed.

The written application of O'Neil for the policy stated that he was sixty-five years of age, and the premiums required by defendant and paid, were based on that age. But the policy contained the following provision: "Absolute proof of age may be required with proofs of claim hereunder and the amount payable shall be the insurance that the actual premium paid would have purchased at the true age of the insured." The defendant claimed O'Neil's true age to have been 79, when he took out the policy, and it is not disputed that the amount tendered was sufficient if defendant can be allowed the defense.

Plaintiffs insist that the defense is not good for the reason that it is based on an immaterial misrepresentation not allowed to the defendant. They call to their aid the following statute (sec. 7890, R. S. 1899). "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

That statute has been many times before the appellate courts of the State and has been upheld by them. The object and intention of the lawmakers in enacting it is thus stated by the Supreme Court in

Scheurman v. Insurance Co., 165 Mo. l. c. 650: " . . . Its manifest aim and object was to prevent the wrongs and injustice that too frequently befell the relatives and friends of the insured, after their death, resulting from the growing evil practiced by life insurance companies, of calling for answers to all manner of immaterial questions from an applicant for insurance, bearing in the remotest degree, if at all, upon the risk to be assumed, and then by a general provision, incorporated in the policy to be issued, declaring that if any one of the answers be untrue, or not as stated, it should avoid the policy, which condition without legislative aid the courts were compelled to enforce without regard to whether the particular answer which was shown to be untrue was material to the risk or not or whether the untrue answer was the result of an innocent mistake or an intentional wrong."

Defendant insists that the statute has no application to the character of case in hand. The policy contained provisions as to misrepresentation, declaring forfeiture in certain contingencies, but defendant insists that it is not basing its defense upon misrepresentations, fraudulent or otherwise, but upon affirmative provisions of the contract. That it is not asking a forfeiture, nor is it seeking to escape liability, but only defending on the amount due under the contract.

It must be admitted that to say the defense is not good is to deny the right of the parties to make their own contract, and that we should not do unless the statute requires it of us. We know of no law, if the statute does not apply, which specifies what terms shall be inserted in contracts of life insurance. If defendant is not seeking to do that which the statute was intended to prevent, the statute should not aid the plaintiffs. The statute says that no misrepresentation shall be deemed material or render the policy void unless the matter misrepresented contributed to the death, etc. But defendant says it is not claiming the policy to be void.

It recognizes its validity. Defendant says it is not claiming there was any misrepresentation in the case, material or otherwise, which should avoid the policy. Its claim is that both it and the assured, realizing a mistake might be made in stating or setting down the age in the first instance, agreed that the real age could be shown and that the amount of insurance due would be what the premiums paid would buy for one of that age. It does not follow that a misstatement of age is a fraudulent misrepresentation. There has been more than one instance in this court where an applicant for insurance found he was mistaken as to his own age. It may well be asserted that it was not an unreasonable, nor an unjust thing to do for the parties to make it a contractual provision that the amount due on the policy should be what the premiums would buy for the true age.

But we have the statute defining in positive terms a public policy to govern and control contracts of insurance, and we ought not to so interpret such contracts as to allow the insurance company to nullify the policy adopted and thwart the object intended to be secured. The statute does not require that the misrepresentation should be actually fraudulent. A misrepresentation may be fraudulent in law though innocently made. The statute says that misrepresentations shall not be material, and the effect of this contract is to make them material by allowing them to affect the amount of insurance. Here was a misrepresentation as to age, and we are asked to permit it to reduce the amount of the policy under the guise of a contract to that effect. The statute does not permit the making of a binding contract which would indirectly annul the object of its enactment. If it could be allowed in this instance, there would be nothing to prevent a contract completely abrogating the statute. It would be equivalent to adding to it a proviso: "unless the parties contract that the misrepresentation may be material and

that it may avoid the policy." That would be legislation, which, if desired, should be obtained elsewhere.

In our opinion the trial court put the proper construction on the statute. The judgment will be affirmed. All concur.