Mamie McCurrey, Appellee, v. Metropolitan Life Insurance Company, Appellant.

INSURANCE—*what validates void policy.* Where a policy of insurance is absolutely void from the beginning, the company cannot claim the right to forfeit the premiums even though the policy specifically so provides; if it retains the premiums it validates such a policy.

*Assumpsit.* Appeal from the Circuit Court of Vermilion county;

the Hon. M. W. THOMPSON, Judge, presiding.  Heard in this court at the October term, 1911.  Affirmed.  Opinion filed March 15, 1912.

WILLIAM R. BACH and RALPH B. HOLMES, for appellant.

O. M. JONES and WALTER J. BOOKWALTER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* upon a life insurance policy issued by the defendant to the husband of the plaintiff, in which she is named as beneficiary.  To the declaration, which consists of one count, in which the policy is set out in *haec verba,* the defendant pleaded the general issue.  Upon the trial the plaintiff introduced the policy, proofs of death, payment of the premiums, and a stipulation to the effect that after the death of the deceased, the plaintiff went to the office of the defendant and demanded the amount due upon the policy, whereupon the defendant denied all liability thereunder and refused to pay her anything. The defendant introduced in evidence a stipulation to the effect that the disease as the result of which the insured died was a serious one,—one affecting sound health, and which affected the sound health of the insured at the time of the delivery of the policy.

The evidence shows the policy was issued February 14, 1910, and the insured died December 24, 1910.  The proofs of death contain a statement by a physician that he had treated the insured for the disease of which he died, during the month of September, 1909, prior to the date of the policy.  The policy contained the following provisions:  "This policy is void if the insured before its date has been attended by a physician for any serious disease."  "If this policy is or shall become void all premiums paid shall be forfeited to the company."  It is contended by the de-

fendant that the policy in question was void *ab initio*, and further, that it was not compelled to return the premiums, thereby placing the parties *in statu quo*, · or in the alternative retain such premiums, thereby ratifying the insurance to the full amount. We understand the law to be that where a policy of insurance is absolutely void from the beginning, the company cannot claim the right to forfeit the premiums. In such case no premiums are earned for the reason that at no time has the company assumed any risk. Dickerson v. Ins. Co., 200 Ill. 270. See also, Ins. Co. v. Schroyer, 95 N. E. 1004 (Indiana). Applying such rule to the case at bar it must be held that by retaining the premiums paid, the defendant ratified the otherwise void contract and is liable thereunder.

The judgment of the Circuit Court is affirmed.

*Affirmed.*