METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK, Appellant, v. MARY A. STIEWING, Administratrix, Respondent.

**St. Louis Court of Appeals. Argued and Submitted March 4, 1913. Opinion Filed April 8, 1913.**

1. **STATUTES: Construction: Duty of Courts.** The province of the courts is not to make or amend statutes, but to construe them—to endeavor to arrive at their meaning by the words used and the object sought to be accomplished.

2. **LIFE INSURANCE: Misrepresentation as to Age: Statute.** In an action on a life insurance policy, where a misrepresentation concerning the age of insured was not shown by insurer to have contributed to his death, a provision in the policy that, in the event of such a misrepresentation, the amount payable at his death would be the amount of insurance that the premium actually paid would have purchased at his true age, could not be enforced by insurer, in view of the provisions of Sec. 6937, R. S. 1909, to the effect that no misrepresentation made in securing a life insurance policy shall be deemed material, or render the policy void, unless the matter misrepresented shall have contributed to the death of insured.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Nathan Frank, Richard A. Jones* and *Louis B. Sher* for appellant.

(1) Where a policy of insurance contains provisions covering such matter then if the age of the insured has been understated, the amount of insurance or other benefit will be equitably adjusted, in accordance with the terms and provisions of the policy. Keenan v. Life Ins. Co., 71 Atl. 137; Doll v. Insurance Co., 21 Pa. Super. Ct. 434; Life Ins. Co. v. Goodall, 5 Ohio Dec. 160, 3 Am. L. Rec. 338; Singleton v. Life Ins. Co , 11 App Div .403, 42 N. Y. Supp. 446. (2)

Where a lower rate of premium has been paid than. necessary to purchase at the true age of insured the amount of insurance stated, the beneficiary may recover only the sum which the premium paid would have purchased at the true age. 25 Cyc. Law & Procedure, 882; Life Ins. Co. v. Goodall, supra.

*F. H. Bacon* for respondent.

REYNOLDS, P. J.—This action was brought by the Metropolitan Life Insurance Company of New York against the administratrix of William Storig, to the latter of whom the insurance company had, on the 17th of September, 1902, issued a policy on his life for the principal sum of $500, subject to the conditions of the contract of insurance and to the payment of annual premiums of $40.33 by the insured during life, the company agreeing to pay to the legal representatives of William Storig upon his death and upon receipt of due proofs thereof, the sum of $500. It is alleged in the petition that it was expressly provided in and made a condition of the contract that absolute proof of the age of the insured, namely, William Storig, might be required with proofs of claim under the policy and that the amount payable thereunder should be the insurance which the actual premium paid would have purchased at the true age of the insured. It is averred that William Storig died on or about the 16th of August, 1907; that on the 23d day of September of that year, the defendant, Mary A. Stiewing, had been appointed administratrix of his estate by the probate court, had qualified and was acting as such administratrix; that prior to the death of William Storig and on or about the 6th of February, 1907, he had borrowed from plaintiff, on account of the policy, the sum of fifty-one dollars, which sum, together with interest at the rate of six per cent per annum, it was expressly agreed by and between the company and Storig, should

be a loan on and charge against the policy, which sum, together with interest thereon amounting to $2.50, it is averred was owing by William Storig to plaintiff at the time of his death. It is further averred that at the time of the death of William Storig there was due and payable by plaintiff as a mortuary dividend or bonus on the policy, the sum of $28.41; that the defendant, as administratrix of the estate of William Storig, after his death, submitted to plaintiff proofs thereof, wherein and whereby she stated and represented that the age of Storig at the time of the execution and delivery of the policy on the 17th of September, 1902, was fifty-three years; that relying upon these representations and statements and believing them to be true, and in ignorance of the true age of Storig, the company paid to the administratrix the sum of $474.91, the amount it believed to be due on the policy after adding thereto the bonus of $28.41 above mentioned and deducting therefrom the loan of fifty-one dollars and $2.50, the interest due thereon. It is further alleged and charged that on the 17th of September, 1902, at the date of the execution and delivery of the policy before mentioned, the age of William Storig was not fifty-three years but in truth was seventy-two years, which fact, it is alleged, was unknown to plaintiff, nor did plaintiff, it is averred, ever have any knowledge or information in regard to the true age of William Storig, to-wit, seventy-two years, until a long time after the payment by it to the administratirx of the aforenamed sum of $474.91. That sum, it is averred, was so paid to the administratrix by reason of the statements and representations contained in the proofs of death before mentioned and in reliance upon the same and under a mistake of fact. It is further averred that the amount of insurance purchasable by the payment of an annual premium of $40.33, to be paid on a policy at the age of seventy-two years, the true and correct age of Storig at the time of the execution and delivery of the policy

to him, was the sum of $272.66, so that the amount due
and payable under the policy, it is averred, was not the
sum of $474.91, but the sum of $272.66, plus a dividend
of $28.41, less the loan of $53.50, making a tota sum
of $247.57, so that there is now due and payable from
defendant to plaintiff, as it is averred, the difference
between the amount paid, namely, $474.91, and the
amount due, namely, $247.57, that is to say, the amount
now due from defendant, as administratrix, to plaintiff
is $227.34, as it is claimed. Averring a demand for
that sum but a refusal on the part of defendant to pay
it, plaintiff demands judgment for it and its costs.

Defendant filed a demurrer to this petition which,
being submitted to the court, was sustained. The
plaintiff electing to stand on the petition, judgment
was accordingly rendered in favor of defendant, from
which judgment the plaintiff has duly perfected its
appeal to this court.

. The error here assigned is to the action of the court
in sustaining this demurrer, it being argued that where
a policy of insurance contains provisions covering such
matters, then, if the age of the insured has been under-
stated, the amount of insurance or other benefit will be
equitably adjusted in accordance with the terms and
provisions of the policy, and that where a lower rate
of premium has been paid than necessary to pur-
chase at the true age of the insured the amount of the
insurance stated, the beneficiary may recover only
the sum which the premium would have purchased at
the true age.

We are advised by counsel for the respective par-
ties that the action of the trial court in sustaining the
demurrer was founded upon section 6937, Revised
Statutes 1909, and upon the interpretation placed upon
that statute by the Kansas City Court of Appeals
in Burns et al. v. Metropolitan Life Insurance Co., 141
Mo. App. 212, 124 S. W. 539.

Section 6937 provides: "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

Learned counsel for appellant, both in printed brief and argument, as well as by oral argument, strenuously insist that the interpretation placed upon section 6937, under a like policy of this same company by the Kansas City Court of Appeals in Burns v. Insurance Company, supra, and under which that court held this company liable for the full amount, is a misconception of the meaning of the statute. It is argued that the company does not seek to avail itself of this statute, does not in any manner seek to void or cancel the policy; on the contrary, it is alleged that plaintiff has paid the policy and made that payment on the strength and in consideration of the representations made as to the age of the insured in defendant's proof of loss. This very contention was made and decided adversely to the contention of counsel in the Burns case. On a careful reading and consideration of that case and of the reasons given by the court for that decision, we are not inclined to differ from the learned judge who delivered it. He has covered the case so fully that it is hardly necessary to go into any further discussion of the proposition. It is, however, due counsel to notice their several contentions in support of and against the correctness of that decision.

Counsel for respondent cite in support of the conclusion arrived at by the Kansas City Court of Appeals in the Burns case, the decision of our court in Keller v. Travelers' Insurance Co., 58 Mo. App. 557, and that of the Supreme Court of the United States in Whitfield

v. Aetna Life Insurance Co., 205 U. S. 489. In reply
to this suggestion, counsel for appellant contend that
these decisions are not applicable to the point here
under consideration or to this section of the statute.
These counsel further argue that the Keller and Whit-
field cases do not aid respondent in her contention that
the misrepresentation statute is to be applied to the
subject-matter of the case at bar. Those cases, it is
argued, involved the construction of section 6945,
Revised Statutes 1909, commonly known as the suicide
section, which provides that it shall be no defense to a
policy that the insured committed suicide, unless it be
shown that he contemplated it at the time the policy
was applied for. That, argue counsel, is merely a con-
struction that the statute means what it says, that is,
that suicide shall be "no defense," either partially or
entirely, save on the conditions prescribed in the stat-
ute, whereas it is claimed that the misrepresentation
statute was enacted to cover exactly what its language
imports, a misrepresentation on the part of the insured,
and was not intended to create a class of persons who,
from ignorance of the exact date of their birth, are to
be precluded from making insurance contracts, a right
which their more fortunate brothers enjoy. It is
true that the decisions were on another section, but the
application of those decisions to the case at bar is this:
In each of them it was held that to allow the company
to provide in its policy that in case of suicide a less sum
than the principal sum should be payable, would be an
attempt to evade the true meaning and spirit of the
suicide section. By sustaining the provision in the
policy, that in case of suicide a less sum should be
payable, said Mr. Justice HARLAN in the Whitfield case,
"the statute could be annulled or made useless for any
practical purpose." So our court held in the Keller
case. Apply that to the present case, and test this
policy by section 6937. The statute reads: "No mis-

173 Mo. App. 8

representation . . . shall be deemed material, or render the policy void, unless," etc. If the word "material" were omitted and the word "void" alone used, some color might be lent to the contention of counsel. But the words are used conjunctively, "no misrepresentation shall be deemed material, or render the policy void." Here the representation as to age is alleged to have been false, hence, say counsel, the company, on that fact appearing, does not void the policy, but recognizes it—but not for the amount insured. This argument falls under the condemnation of the Keller and Whitfield decisions. Practically the same argument is met in those cases. In the former, Judge BOND, speaking for our court and referring to section 6945, has said (1. c. 561); "the fact, that the premium warranted, and the policy guaranteed, full insurance in case of the death of the insured for any cause not specified in the clause set up in the defendant's answer, demonstrates that said clause was designed to modify the liability of the insurance company, if the defendant committed suicide." Here the clause or provision relied upon does modify the liability of the defendant company to the extent that the difference in the premium on account of age is deducted, and it necessarily follows that the misrepresentation as to age has been made material, notwithstanding the prohibition of the statute; that the policy has been voided *pro tanto*.

If an insurance company can provide in its policy that by reason of a misstatement or mistake as to the age of the insured, that a higher premium should be paid than the one named and that in the adjustment of the loss, when one occurs, the company should be at liberty to deduct from the amount payable on the face of the policy the increased premiums which should have been paid, it has diminished the policy that much. If it can do this on account of misrepresentation as to age, what limit is there to the right of the company to make

any other misrepresentation a cause for diminishing the amount to be paid under the policy: why can they not do this until the amount to be paid is practically *nil?* By this course of business and this form of writing policies, the company would be enabled to entirely evade the provision of our misrepresentation statute.

Counsel contend that to place the meaning upon section 6937 which is done in the Burns case, is in violation of the principles of statutory construction, as announced in Keeney v. McVoy, 206 Mo. 42, 103 S. W. 946, quoting from pages 65 and 66 of the opinion in that case. But it is there also said at page 65, and as preliminary to stating the rules of construction, that it is the province of the courts, not to construct statutes— to declare, not to make laws. We are not here to make or amend this statute, but to construe it; to construe it in its meaning; to endeavor to arrive at that meaning by the plain words used, and the object sought to be accomplished. What is that object? Plainly, obviously, to hold the promisor to the performance of its promise, as made, and not to allow that promise to be annulled or its value diminished because of a matter that the law declares, not a warranty, but an immaterial error. Here the age is averred to have been given wrongly; to have been misrepresented. The statute says no misrepresentation shall be deemed material, unless, etc. Therefore this misrepresentation cannot be held to be material, as it must be, if its effect is to cut down a policy putatively for $500 to one for about $250.

Counsel argue that by this construction upon the policy, a class of persons, many foreigners especially, ignorant of the exact date of their birth, would be precluded from making insurance contracts. We are unable to appreciate the force of this argument, particularly as applied to the case at bar. It seems very curious that the agents of this company who procured this policy should, on looking at the applicant, a man said to have then been in fact seventy-two years of age,

should have accepted him and written him as of the age of fifty-three years. He is an exceptionally fortunate man who at seventy-two years of age looks like a man of fifty-three. But admit that the insured was accepted in good faith as being fifty-three years of age. Beyond doubt the premium which he would be required to pay at that age would be very much less than at age seventy-two. We might presume that he was willing and able to pay the premium for a man aged fifty-three, but what is there to lead us to presume that he was either able or willing to pay the premium required of a man aged seventy-two? In short, the company secured him as a customer, as of the age of fifty-three; insured him on that basis. Under the statute, unless this misrepresentation actually contributed to his *death*, and that it did, is not pleaded—the misrepresentation cannot be availed of by the company to cut down the amount for which it purported to write this policy.

We see no reason to arrive at any conclusion other than that reached by the Kansas City Court of Appeals in Burns v. Metropolitan Life Ins. Co., supra, both upon like grounds therein and for those we have given.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.* ,concur.