## Charles Sulski, Administrator of the Estate of Minnie Seabach, Appellee, v. Metropolitan Life Insurance Company, Appellant.

## Gen. No. 5,944.

1. INSURANCE, § 753*—*when insurer not liable because of misrepresentations as to health.* An insurance company cannot be held liable on a policy of life insurance providing that it shall be void if before its date insured "has been * * * attended by a physician for any serious disease or complaint or has had before its date any pulmonary disease," where it appears that before the date of the policy insured had been treated by a physician for tuberculosis, unless there is evidence of a waiver of the condition made after insured had knowledge or notice of the facts relied on in defense, for the reason that to allow a recovery in such a case would be to violate the terms and conditions of the policy.

2. INSURANCE, § 855*—*when return of premiums not condition precedent to making defense.* In an action to recover on a policy of life insurance, wherein plaintiff was named as beneficiary, a return of the premiums paid on the policy is not a prerequisite to a defense to such action where the defense is grounded on a violation of the conditions of a policy or the terms of the contract, for the reason that such conditions were accepted by insured and are therefore binding on the beneficiary.

3. INSURANCE, § 855*—*when return of premiums is prerequisite to defense to life insurance policy.* The return of premiums paid under a life insurance policy is a necessary prerequisite to a defense to such policy only where it is sought thereby to avoid the policy *ab initio* or to rescind or set it aside on the ground of fraud in its procurement, for the reason that in such case, as in all cases of rescission, it is necessary to place the parties in *statu quo*, it being inconsistent in such case to claim that the policy was never in force and at the same time to retain the premiums paid as consideration for a risk never assumed.

4. INSURANCE, § 753*—*when liability of insurer determined only by insured being in good health.* In a policy of life insurance providing that no obligation is assumed by the insurer unless at the date of the policy the insured is alive and in sound health, the fact of the sound health of insured at such time is what determines the liability of insurer, and not the apparent health of insured, nor any one's belief that insured was in sound health at such time.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed July 15, 1915.

DUNCAN, DOYLE & O'CONOR, for appellant.

BUTTERS & CLARK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action brought against the Metropolitan Life Insurance Company, appellant, in the Circuit Court of Bureau county, to recover the amount claimed by the appellee to be due and payable under the terms of a life insurance policy issued by the appellant on the life of Lulu Seabach, for the benefit of her mother, Minnie Seabach. The policy was dated September 12, 1910, and the insured died March 23, 1911. The required proofs of death were furnished to the appellant by the beneficiary. The trial by jury was waived, and the case heard by the court. The court found the issues for the appellee and rendered a judgment against the appellant for the sum of $251.87, and costs of suit, from which judgment and appeal was prosecuted to this court.

The policy of insurance contained the provision concerning the liability of the appellant, namely, that "no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." Also the following provision: "This policy is void if the insured before its date has been rejected for insurance by this or any other company, or has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease," etc.

The evidence conclusively shows that the insured had been attended professionally by a physician prior to the date of the policy, that is to say from March, 1910 to January, 1911, and that she had been treated for

tuberculosis during that time. It also shows that upon the date when the policy was issued, the insured had pulmonary tuberculosis, and that this disease was the cause of her death. A recovery on this policy would therefore be in plain violation of the terms and conditions of the contract of insurance embraced in the policy, and it is clear that the appellant cannot be held liable, unless it has waived its right to make its defense for a violation of the terms and conditions mentioned, by accepting the premiums paid, after it had notice or knowledge of the matters of defense stated, and this does not appear to be the case. The knowledge of the matters upon which the appellant bases its defense did not come to the appellant until after the death of the insured.

But it is strongly insisted by the appellee that in cases of this kind an insurance company cannot defend against liability under a policy of insurance, if it has retained the premiums received or has failed to tender them back, and this seems to have been the view taken by the trial court. The contention has apparent support in the decision of the case of *McCurrey v. Metropolitan Life Ins. Co.,* 168 Ill. App. 625. A return of the premiums however is not a necessary legal prerequisite where the defense against liability is sought to be avoided upon the basis of a violation of the conditions of the policy, or the terms of the contract of insurance. It is necessary, only, where it is sought to rescind or set aside the policy or contract of insurance, as, for instance, for fraud or fraudulent representations on the part of the insured in procuring such contract. The correct rule governing this class of cases is clearly stated by our Supreme Court in the case of *Dickerson v. Northwestern Mut. Life Ins. Co.,* 200 Ill. 270, in these words: "Where the insurance company seeks to rescind and declare the contract void *ab initio,* it must, as in all cases of rescission, place the parties in *statu quo,* because in such cases it would be inconsistent to

claim that the policy was never in force, and at the same time retain the premiums paid as the consideration for a risk, which had never been assumed.''

In this case it is not attempted to rescind or set aside the contract or have it declared void *ab initio,* but the defense is based upon a violation of the terms and conditions of the policy itself, which the insured accepted, and which are therefore binding upon the beneficiary. For such a defense a return of the premiums collected is not legally a prerequisite. *In re Millers' & Manufacturers' Ins. Co.* (97 Minn. 98), 4 L. R. A. (N. S.) 231; *Goorberg v. Western Assurance Co.,* 150 Cal. 510.

It is well-settled law that the liability of an insurance company may be legally avoided by a violation on the part of the insured of clauses in an insurance policy like those now under consideration, and many authorities might be cited to sustain this view, but we desire to refer to one which appears peculiarly pertinent to this controversy, namely, the case of *Murphy v. Metropolitan Life Ins. Co.,* 106 Minn. 112, in which the court makes the following expressive statement of the law: ''The defense is based upon the express provision of the policy, that no obligation is assumed by the defendant company, unless on the date of the policy the assured is alive and in sound health. It is clear from the language of the policy, that the defendant's promise of insurance was not absolute but conditional, and that the existence of life and sound health in the insured on the date of the policy is the condition upon which the promise is made. It is the fact of the sound health of the insured which determines the liability of the defendant, not his apparent health, or his or any one's opinion or belief that he was in sound health. Therefore, if the insured was not in fact in sound health on the date of the policy, the defendant is not liable, unless it has waived the defense.''

So also, in the case of *Gallant v. Metropolitan Life Ins. Co.,* 167 Mass. 79, the court sums up the discussion of this question by saying: "The company made its own contract, a part of which was that no obligation was assumed by the company unless at the time when the policy was issued the insured was 'alive and in sound health.' If in fact the insured at that time was not in sound health, the defendant is not liable on the policy." And the case of *Barker v. Metropolitan Life Ins. Co.,* 188 Mass. 542, is to the same effect. In the case of *Hermann v. Court of Honor,* 193 Ill. App. 366, at the present term of this court, the matter of the necessity of a return of the premiums received, as a legal prerequisite to making a defense, under circumstances and conditions similar to those involved in this case, was discussed at some length and decided by the court, and the same conclusion was reached as in the present case.

For the reasons stated we are of opinion, therefore, that the trial court erred in refusing to hold the propositions of law submitted by the appellant, which were to the effect that if the insured before the date of the issuance of the policy in question had been attended by a physician for a serious disease or complaint, or had had before said date any pulmonary disease, or if at the date of the issuance of the policy of insurance the insured was suffering from pulmonary tuberculosis and was not in sound health, then that the beneficiary of the policy was not entitled to recover. These propositions should have been held to be the law, and upon the facts and the law the finding and judgment of the court below should have been for the appellant. The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find that the insured in this case, prior to the date of the insurance policy in question, had been attended by a physician for a serious disease, and had

pulmonary tuberculosis, and was not in sound health at the date of the issuance of this policy; and that appellant had no notice or knowledge of the matters of defense above stated until after the death of the insured.