## HUDSON v. HUTCHINSON et al.

### No. 12525.

Court of Civil Appeals of Texas. Fort Worth. July 3, 1931.

Rehearing Denied Sept. 19, 1931.

A. J. Clendenen, of Fort Worth, for appellant.

Patterson & Cates, of Decatur, for appellees.

CONNER, C. J.

This appeal is from a judgment in favor of Mrs. Loula Hutchinson, a feme sole, and Marvel Gary, plaintiffs below, against R. A. Hudson, defendant below, for a partition of certain lands described in plaintiffs' petition, and also for the recovery of the plaintiffs' interest in the rents and revenues received by the defendant Hudson during the time of his possession.

The case was tried before the court without a jury, and the trial court's findings of fact and conclusions of law are embodied in the judgment before us. The facts, so far as necessary to present them in the disposition of the appeal, are substantially as follows: Thomas J. Gary died in Wise county, Tex., about the 15th day of May, 1910, and left surviving him as his heirs, and only heirs, Mary Susan Gary, his wife, and the plaintiffs Loula Hutchinson and Marvel Gary, and the defendant W. R. Gary and Belle Gary Scott, wife of defendant J. M. Scott. Belle Gary Scott died intestate and without issue, following the death of her father, Thomas J. Gary.

Thomas J. Gary left a will, by the terms of which he bequeathed all of his property, real and personal, to his wife, Mary Susan Gary, for and during her life and at her death the remainder over was to be distributed, share and share alike, to their above-named children. Defendant R. A. Hudson was named in the will as executor thereof, and upon the death of Thomas J. Gary, Hudson duly qualified as such executor. The will, however, did not provide that the administration of the estate should be independent of the probate court of Wise county, but did provide that: "My executor, as soon as practical after my decease, shall pay off all the just debts existing against me."

At the time of Thomas J. Gary's death he was seized and possessed of the unsold parts of two certain tracts of land, aggregating about 119 acres.

Mary Susan Gary, wife of Thomas J. Gary, died intestate in Wise county, about November 22, 1922, leaving as her heirs, and only heirs, the above-named children of herself and husband, Thomas J. Gary, except the said Belle Gary Scott, who had died prior to Mary Susan Gary's death. Prior to the death of Mary Susan Gary, to wit, on January 4, 1924, she, together with W. R. Gary, conveyed to defendant R. A. Hudson an undivided one-third interest in and to said 119 acres of land and the same interest in a tract of 80 acres belonging to the separate estate of Mary

Susan Gary. The 80 acres adjoined said 119 acres, and the two tracts were occupied and used by Thomas J. and Mary Susan Gary as their homestead until death intervened.

About the 23d day of February, 1923, the plaintiffs Loula Hutchinson and Marvel Gary severally executed powers of attorney, by the terms of which they appointed and constituted the defendant R. A. Hudson as their attorney in fact to take possession of the lands, and in their names to sell the same for such consideration as they might deem just and proper, and out of the proceeds of such sale, or sales, to pay off and discharge "all just debts due by the estate of Thomas J. Gary, as well as of said Mary Susan Gary, deceased, and to make partition and distribution of the remainder of any of such proceeds so arising from such sale or sales between them and the other joint owners of said lands."

Acting under said will and powers of attorney, Hudson held possession and control of the lands from the time of the probate of said will to the time of the trial, having never at any time sold any of the lands. During his possession, he collected and received rents and revenues from the lands, aggregating $3,-858.61. During the same time he paid the funeral expenses of Mary Susan Gary and other items of debt due from her, aggregating $211.15, and taxes for the years 1921 to 1925, inclusive, and the taxes for the year 1930, and sundry other expenses, aggregating $1,-425.99. The defendant Hudson also pleaded as an offset against the rents and revenues received by him a

Promissory note of T. J. Gary to R. A. Hudson, of date August 16, 1907 due six months after date, with interest at 10 per cent.............$ 606.48
Interest on said note to 10/1/23... 961.83
Interest on said note from 10/1/23 to 10/1/24 ........................ 60.64
T. J. Gary account (to defendant R. A. Hudson)..................... 561.12
Mary Susan Gary account (to defendant R. A. Hudson)........... 341.03
———
Total $2531.10

The court found that the items last noted, aggregating $2,531.10, were each and all barred by limitation and were denied. The court further found that defendant J. M. Scott, as the surviving husband of Belle Gary Scott, owned 7.434 acres out of the 119-acre tract; that Loula Hutchinson owned 31.931 acres in the 119-acre tract, plus 26.666 acres out of her mother's 80 acres of land, totaling 62.597 acres. A like interest in the two tracts were adjudged in favor of Marvel Gary. Defendant Hudson was awarded 39.648 acres out of the 119-acre tract, plus 26.666 acres out of the 80-acre tract, totaling 66.314 acres. Nothing was awarded to W. R. Gary, he having disclaimed all interest in the lands. The court further rendered in favor of Loula Hutchinson and Marvel Gary a judgment against the defendant in favor of each for the sum of $810.87, with interest from the date of the judgment at the rate of 6 per. cent., as being the amount to which each was entitled after deducting from the rents and proceeds collected by defendant Hudson the several items of expense paid by him which the court had allowed; in the same connection decreeing that the defendant Hudson take nothing for the said items of indebtedness claimed which the court found as above specified had been barred by limitation. The court further found the lands incapable of partition, ordered the sale thereof, and division of the proceeds.

The vital question presented on this appeal is embodied in appellant's propositions to the effect that the will as well as appellees' powers of attorney imposed a trust on appellant not subject to the statutes of limitation, and that hence the court was in error in excluding the items of his account, which were denied on the ground that they were barred. As to this, we have to say that the record fails to show that either at the time of Thomas J. Gary's death or at the dates of the execution of the powers of attorney, the estate was insolvent or without personal property, choses in action, or other property subject to the payment of debts that could or should have been established in the probate court. The only reference in the record to such property is the statement in the testimony of appellant that: "Mrs. Gary took possession of the homestead and the personal property on hand at the time of Mr. Gary's death. She continued to occupy the homestead and used it, and disposed of the exempt property up to the time of her death."

██ Under the decisions of Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485, and Green v. Cass County State Bank (Tex. Civ. App.) 7 S.W.(2d) 620, and other cases, it must be held that upon the death of Thomas J. Gary the lands in question continued to be the homestead of his wife and the constituent members of the family living at the time, and upon the death of Mrs. Gary the homestead at once descended to the heirs, free from the debts of both Susan and T. J. Gary (Const. art. 16, § 50). In Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916, by our Supreme Court, it is held that even the probate court is without power to sell the homestead for the payment of community debts.

██ In view, therefore, of the rule well established by our Constitution and decisions that upon the death of the holder the homestead descends and vests in the heirs entitled thereto, free of all debts of the character yet claimed by appellant, we do not construe the language of the will as creating a trust, as claimed, in the homestead. As to that, the

will confers upon Mrs. Gary a life estate with the remainder over to the testator's children. Construing the will therefore as a whole, it cannot be said that the power to sell expressed in the will was intended by the testator to apply to the homestead. In no event can it be said to apply to the community interest in the homestead and the 80 acres separately owned by Mrs. Gary.

Nor do we think the power to pay the "just debts" of Mr. and Mrs. Gary given in the powers of attorney necessarily include the debts denied in the court's judgment. It appears that there were funeral and other expenses and debts that the court allowed, and while appellant testified that he listed and informed the plaintiffs of the rejected claims, there is no evidence that either of the plaintiffs acknowledged their justness. Indeed, Mrs. Hutchinson in her testimony denied knowledge or information relating thereto. There is certainly no express promise on the part of plaintiffs to pay or permit the payment of the rejected claims and as against the court's judgment he will not imply a promise.

In Words and Phrases, First Series, pages 3902, 3903, will be found a number of cases under the title "Just Debts," to the effect that the direction in a will for the payment of the decedents' "just debts" will not revive claims barred by limitation. And in the case of Moore v. Hardison, 10 Tex. 467, it was held that the allowance by an administrator of a claim barred by the statute of limitations will not bind the estate. See, also, Moore v. Hillebrant, 14 Tex. 312, 65 Am. Dec. 118; Hefflefinger v. George, 14 Tex. 569; Sabrinos v. Chamberlain, 76 Tex. 624, 13 S. W. 634; Metropolitan Life Insurance Co. v. Stiewing, 173 Mo. App. 108, 155 S. W. 900. In principle, it can make no difference that the claim is that of an administrator himself instead of that of another. But whatever view may be taken of the powers and of the term "just debts," as used in the will and in the powers of attorney, it is undisputed that defendant never made an attempt to *exercise* the claimed power to sell the lands in controversy, and we fail to find any such equity as at this late day requires the courts to substitute their powers for those claimed by virtue of the instruments referred to. It is true that defendant claims that he delayed sales of the land because plaintiffs so requested, but such a request is denied in testimony offered in behalf of plaintiffs.

The evidence affords no support for a contention that the note alleged to have been given by Thomas J. Gary, dated August 16, 1907, for $606.48 with its accumulated interest of $961.83, aggregating $1,568.31, was in fact paid out of the rents and revenues of his property while in defendant's possession, for defendant in his own testimony stated that no credit on that note had ever been given and there was no sufficient explanation of defendant's long delay in seeking to enforce that and other claims barred by limitation.

There is a further contention that the court erred in his finding that the lands in controversy were incapable of partition, but we fail to find any support in the evidence for this contention, and finally conclude that the court's findings of fact and conclusions of law should be adopted and the judgment below affirmed in all things.