Louis Chorney, Admr. *vs.* Metropolitan Life Insurance Co.

MAY 2, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Rathbun, J.. This is an action in assumpsit to recover the proceeds of a policy of life insurance issued by defendant on the life of plaintiff's intestate, Mary Chorney. At the conclusion of the testimony at the trial in the Superior Court the trial justice ruled that, as certain conditions of the contract of insurance had been violated, the plaintiff could recover only the amount of the premiums paid and directed the jury to return a verdict as follows: "By direction of the Court the jury find that the defendant did not promise in manner and form as the plaintiff hath in his declaration thereof complained against it. The jury further find that the plaintiff is entitled to the sum of $28, having considered the defendant's plea in tender." The case is here on plaintiff's exception to such direction.

The policy was issued subject to conditions—among others—as follows:.

"If, (1) the insured is not alive or is not in sound health on the date hereof . . . or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the 'Space for Endorsements' . . . then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

It appeared that at the time the policy was issued the plaintiff's intestate was not in sound health; that within two years prior thereto she had been attended by a physician for a serious disease and also that prior thereto she had suffered from a disease of the heart.

In rebuttal the plaintiff produced medical testimony to the effect that the cause of intestate's death was "arterio sclerosis, hypertension." The plaintiff contends that notwithstanding the violation of said condition the defendant is liable for the face value of the policy unless it appears that the health conditions, the existence of which breached the conditions in question, contributed to the death of the insured and that, by reason of the provisions of Section 53, Chapter 342, G. L. 1923, it was a question of fact for the jury whether such health conditions contributed to her death. . Said section is as follows: "No misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether the matter so represented con-

tributed to said contingency or event, in any case, shall be a question for the jury."

The insurance effected by the policy in question was of the type known as industrial insurance. No medical examination was had and, so far as appears, no statements or representations as to health were required or made. The first sentence on the policy under the heading "Conditions" is as follows: "This policy constitutes the entire agreement between the company and the insured and the holder and owner hereof."

The plaintiff confuses the law applicable to negotiations and applications for a policy of insurance with the law applicable to a condition in the policy itself. As the court said in *Connell* v. *Metropolitan Life Ins. Co.*, 16 Pa. Sup. Ct. 520 at 529: "there is a difference between obtaining a contract through a misrepresentation as to a fact, and making the existence of that fact a condition upon which the contract, by its written terms, is dependent."

In *Barker* v. *Metropolitan Life Ins. Co.*, 188 Mass. 542, it was held that statutes similar to our said section 53, relating to a misstatement made in procuring a policy of life insurance, have no application to a condition in the policy itself. Such appears to be the almost, if not quite, universal rule in all jurisdictions where the question has been considered, except in Missouri. See: *Barker* v. *Metropolitan Life Ins. Co., supra;* 1 Joyce on Insurance (2d ed.) § 97a; *Packard* v. *Metropolitan Life Ins. Co.*, 72 N. H. 1; *Metropolitan Life Ins. Co.* v. *Howle*, 62 Ohio State 204; *Murphy* v. *Metropolitan Life Ins. Co.*, 106 Minn. 112; *Sulski* v. *Metropolitan Life Ins. Co.*, 196 Ill. App. 76; *Gallant* v. *Metropolitan Life Ins. Co.*, 167 Mass. 79; *Montgomery* v. *John Hancock Mutual &c.*, 250 N. Y. Supp. 403. The promise of the defendant was conditional and dependent upon the existence of the conditions relating to health as stated in the policy.

In *Packard* v. *Metropolitan Life Ins. Co., supra*, where the policy contained a similar clause, it was said: "That they (the parties) had authority to limit the contract in this

way cannot be doubted." 37 C. J. 404, 405; *Popowicz* v. *Metropolitan Life Ins. Co.*, 158 Atl. (Conn.) 885; *Souza* v. *Metropolitan Life Ins. Co.*, 170 N. E. (Mass.) 62; *Orsini* v. *Metropolitan Life Ins. Co.*, 154 Atl. (N. J.) 201; *Youngblood* v. *Prudential Ins. Co.*, 165 Atl. (Pa.) 666.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Hartigan, Mullen & Roberts, John E. Mullen,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for defendant.