BLANCHE E. LANGAN v. UNITED STATES LIFE INSURANCE COMPANY, a Corporation, Defendant-Appellant.—130 S. W. (2d) 479.

Division One, July 7, 1939.

990

*Atwood & Atwood* and *Jones, Hocker, Gladney & Grand* for appellant.

*Leo F. Laughren* and *John P. Griffin* for respondent.

*Maurice H. Winger* and *George J. Winger* for *amicus curiae; Winger, Reeder & Barker* of counsel.

*Lathrop, Crane, Reynolds, Sawyer & Mersereau, Cyrus Crane, Richard S. Righter* and *Dean Wood* for *amicus curiae; Louis H. Cooke* of counsel.

992

William C. Michaels for amici curiae; Alexander & Green, Harry Cole Bates, Frederick L. Allen, Alfred Hurrell, Michaels, Blackmar, Newkirk, Eager & Swanson, Kenneth E. Midgley and Ralph M. Jones of counsel.

CLARK, J.—This case was tried in the Circuit Court of the City of St. Louis, resulting in a verdict and judgment for plaintiff. Defendant appealed to this court claiming, among other things, that construction of the State Constitution was involved. We held that no constitutional question was properly raised and transferred the case to the St. Louis Court of Appeals. [114 S. W. (2d) 984.] That court rendered an opinion reversing the judgment of the trial court (121 S. W. (2d) 268), but transferred the case back to the Supreme Court because said Court of Appeals deemed its opinion in conflict with the cases of: O'Maley v. Ins. Co., 231 Mo. App. 39, 95 S. W. (2d) 852; Friedman v. Ins. Co., 108 S. W. (2d) 156; Burns v. Ins. Co., 141 Mo. App. 212, 124 S. W. 539.

■ Therefore, we rehear and determine the case as if we obtained jurisdiction by ordinary appellate process. [Mo. Const. Amend. of 1884, sec. 6.]

The suit is based on a life insurance policy issued to Oliver P. Langan, a citizen of Missouri, with his wife (plaintiff) as beneficiary. The policy is for the face amount of $10,000, annual premium $434, age of insured stated as 53 and contract commencing January 13, 1927. The policy provides that after one year from its date it shall be incontestable except for nonpayment of premiums and also contains the following:

"If the age of the Insured has been understated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age; if the age of the Insured has been overstated the company will return the excess premium, or premiums, paid."

In his application the insured stated that he was born on July 14,

1873, and that his age at nearest birthday was 53 years. The insured died in January, 1933, with the policy in force. The beneficiary (plaintiff) furnished sworn proof of death to the defendant, in which she stated that insured was born on July 14, 1871, and that she derived this information from the family Bible. A statement furnished by the undertaker also stated that insured was born on July 14, 1871. These statements were received in evidence at the trial and defendant also proved that insured, in applications to two other life insurance companies, had stated the date of his birth as July 14, 1871. This was not contradicted by any evidence on the part of the plaintiff.

Upon receipt of proofs of death, the defendant paid to plaintiff the sum of $9,070.01, and took a receipt signed by her in which it was stated that the sum of $929.99 was "deducted for difference in age as now known and as stated at time of application for said policy, which difference is now ascertained and agreed upon and allowed to said company." The receipt also stated that it was "in full satisfaction of said policy and all claims whatsoever pertaining thereto." This payment was made and receipt taken after considerable correspondence between the company and the attorneys who then represented the beneficiary and one of said attorneys signed the receipt as a witness.

Later plaintiff demanded and defendant refused to pay the amount which had been deducted, and plaintiff sued therefor. The trial court overruled defendant's demurrers to the evidence and directed a verdict for plaintiff.

Defendant's answer set out the facts as to the application for and terms of the policy, contended that the policy had been fully paid according to its terms, and further pleaded the payment to plaintiff and the receipt by her of the reduced amount as a full accord and satisfaction. Plaintiff joined issue by reply.

The sole question here is as to the validity of the age adjustment clause contained in the policy; for, if that clause is invalid, there was no consideration for the claimed accord and satisfaction; if that clause is valid, there was no necessity for an accord and satisfaction for the policy has been paid in full.

The respondent (plaintiff) contended that the defendant could not legally avoid paying the face amount of the policy for two reasons: (1) because of the provision in the policy for incontestability; (2) because the age adjustment clause in the policy comes within the prohibition of our statute dealing with misrepresentations; Section 5732, Revised Statutes 1929 (Mo. Stat. Ann., p. 4373), which reads as follows:

Sec. 5732. "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy

void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury.''

The appellant (defendant) contends: (1) the incontestability provision is not applicable because defendant is not contesting the provisions of the policy, but is only seeking to confine its liability within the express terms of the policy; (2) that the misrepresentation statute does not apply because it refers only to misrepresentations made to obtain a policy and not to terms agreed upon and expressly written in the policy itself.

Appellant further contends that if respondent's construction of Section 5732 be adhered to a conflict will arise between that section and our Nondiscrimination statute, Section 5729, Revised Statutes 1929 (Mo. Stat. Ann., p. 4369), which, in part, reads as follows:

Sec. 5729. ''No life insurance company doing business in this state shall make or permit any distinction or discrimination in favor of individuals between insurants (the insured) of the same class and equal expectations of life in the amount or payment of premiums or rates charged for life or endowment insurance,'' etc.

No decision of this court has been cited to us which rules the exact question here involved. The briefs of appellant and numerous briefs filed by *amici curiae* contain many citations from other jurisdictions wherein the same or similar questions were decided.

In Murphy v. Travelers' Ins. Co., 234 N. Y. Supp. 278, 134 Misc. Rep. 238, one Murphy took out a policy at age 45 when he was in fact 50 years old. He lived more than one year. The policy contained a one year incontestable clause, also an age adjustment clause. The company paid the reduced amount and the beneficiary sued for the difference. The court held the age adjustment clause was good and that a defense based thereon was not a ''contest'' of the policy within the prohibition of the incontestable clause. On similar states of fact the same conclusion has been reached in the following cases: (New York) Edelson v. Met. Life Ins. Co., 158 N. Y. Supp. 1018; (Tenn.) Scales v. Jefferson Standard Life Ins. Co., 295 S. W. 58; (New Jersey) Keenan v. Mutual Life Ins. Co., 71 Atl. 37; (Mississippi) Messina v. N. Y. Life Ins. Co., 161 So. 462; (Kansas) Myers v. Liberty Life Ins. Co., 257 Pac. 933; (North Carolina) Mills v. Met. Life Ins. Co., 187 S. E. 581; (Illinois) North American Union v. Trenner, 138 Ill. App. 586; (Pennsylvania) Sipp v. Ins. Co., 293 Pa. 292; (Federal Cir. Ct. of App.) Columbian National Life Ins. Co. v. Black, 35 Fed. (2d) 571; (Wisconsin) Clark v. Ins. Co., 263 N. W. 364; (Rhode Island) Chorney v. Ins. Co., 172 Atl. 392.

Rhode Island has a statute almost identical with our Misrepresentation statute. This was construed in Chorney v. Ins. Co., supra, and the court said:

"The plaintiff confuses the law applicable to negotiations and applications for a policy of insurance with the law applicable to a condition in the policy itself. As the court said in Connell v. Ins. Co., 16 Pa. Super. Ct. 520, 'There is a difference between obtaining a contract through a misrepresentation as to a fact, and making the existence of that fact a condition upon which the contract, by its written terms, is dependent.' In Barker v. Ins. Co., 188 Mass. 542, 74 N. E. 945, it was held that statutes similar to our said Section 53, relating to a misstatement made in procuring a policy of life insurance, have no application to a condition in the policy itself. Such appears to be the almost, if not quite, universal rule in all jurisdictions where the question has been considered, except in Missouri." (Citing many cases.)

From the above and many other cases, we conclude that the weight of authority is that an incontestable clause does not prevent the enforcement of an age adjustment clause contained in the same policy. The Kansas court and many of the others considered statutes similar to our Misrepresentation statute, supra.

Taking up Missouri decisions, we find that both the Kansas City and St. Louis Courts of Appeals have held that our Misrepresentation statute renders an age adjustment clause invalid. [Burns v. Ins. Co., 141 Mo. App. 212, 124 S. W. 539; Friedman v. Ins. Co., 108 S. W. (2d) 156; O'Maley v. Ins. Co., 231 Mo. App. 39, 95 S. W. (2d) 852; Insurance Co. v. Stiewing, 173 Mo. App. 108, 155 S. W. 900.]

Respondent contends that the holding of the two Courts of Appeal is sustained by our ruling in Harris v. Ins. Co., 248 Mo. 304, 154 S. W. 68, and Burgess v. Ins. Co., 230 S. W. 315, but we think respondent does not correctly interpret those decisions. In the Harris case, the contract was made in Illinois and was construed according to the law of that State. The claimed misrepresentations had nothing to do with the age of the insured and the policy contained no incontestable clause. The defense there sought to avoid all liability in the policy. In the Burgess case the policy contained an age adjustment clause. It also provided that no liability would attach unless the insured was in good health at the delivery of the policy. The insurance company defended on the ground that the insured made false and fraudulent statements as to his health in his application; that he was not in good health at the date of delivery of the policy, and that he made false statements as to his age which "excess age" contributed to his death and rendered the policy void. Plaintiff recovered in the circuit court. On appeal the Springfield Court of Appeals, by a two to one decision, reversed the cause but transferred it to this court because Judge BRADLEY, who wrote the very able and thorough dissenting opinion, believed the majority opinion in conflict with certain decisions of this court and the Courts of Appeal. We approved the dissenting opinion of Judge BRADLEY and adopted it in toto. We still adhere to it, but it is not controlling in

the instant case. In the Burgess case the vital point related to the condition of insured's health at the date the policy was delivered. True, Judge BRADLEY referred to the misstatement of age, but he was considering a case in which the defendant was trying to interpose the misstatement of age in obtaining the policy to defeat all liability under it. There was no question in that case, as there is in this, of construing a provision of the policy limiting recovery to the amount of insurance the premium would buy at the correct age of the insured.

We concede that Arnold v. Equitable Life Assurance Soc., 228 Fed. 157, and Whitfield v. Ins. Co., 205 U. S. 489, do furnish some support to the theory of respondent in the instant case. In the Arnold case there was a misstatement of age in the application. The policy contained a clause that after one year it should be "uncontestable" and "unrestricted." The policy was an Iowa contract and a statute of that State provided that, on misstatement of age, the company could demand or deduct the difference in premiums. It was held that the uncontestable clause prevented not only a defense as to all liability, but also prevented a reduction in amount of recovery. However, there is an important difference between that case and the instant case, to-wit, in the Arnold case there was no age adjustment clause in the policy itself. In the Whitfield case, was considered the statute relating to suicide as a defense in suits on insurance policies. That statute, Section 5740, Revised Statutes 1929 (Mo. Stat. Ann., p. 4385), provides:

"In all suits upon policies of insurance on life hereafter issued by any company doing business in this state, . . . it shall be no defense that the insured committed suicide, unless," etc.

The Whitfield case ruled that the above section rendered invalid a provision in a policy reducing the amount of recovery in the event of suicide, holding that to enforce such a provision would amount to a "defense," in part, within the meaning of the statute.

■ However, we think there is a marked distinction between the effect of the Suicide statute and the Misrepresentation statute. The former has no reference to statements made *before* the policy is issued. It says: *"in all suits upon policies* . . . it shall be no defense,"* etc. That means that, no matter what provisions may be contained in the policy, suicide cannot be interposed as a defense. In other words, the statute declares the policy of this State to be that an insurance company cannot defend on the ground of suicide (unless contemplated at the date of the application) even though the contract (policy) provides for such defense. The Misrepresentation statute deals with statements made before the issuance of the policy and, we think, with statements made as an inducement for the issuance of the policy. The language is: "No misrepresentation made in *obtaining* or *securing* a policy." That means such misrepresentation as may be made *to* secure a policy, or *for the purpose of* securing

a policy. In the instant case the record does not show that the misstatement of age was made *for the purpose* of securing the policy, for the company would have issued the policy as readily at age 55 as at age 53. Nor do we think the facts show that the insured made the misstatement as to his age for the purpose of securing a policy *at a reduced cost;* for, while he said he was 53 years old and the premium was based accordingly, he also agreed (in the policy) that should it develop he was older, the insurance would be reduced, and should it develop he was younger, the premiums would be reduced.

No person can testify to his own age except from hearsay. No doubt many persons do not have accurate information as to their correct ages. Yet the correct age of insurants is the chief corner-stone of the life insurance structure. If a person obtains insurance by stating a given age, nothing further being said on the subject in the policy, then, under the statute, it may be that the company cannot question the correctness of the age stated. But is there anything in the statute which prevents a person from obtaining insurance at a stated age, qualified by a provision in the contract for adjustment according to correct age? We do not so read the statute. Nor do we know of any dictate of public policy to prevent such an age adjustment clause.

Our Nondiscrimination statute, Section 5729, Revised Statutes 1929 (Mo. Stat. Ann., p. 4369), provides:

"No life insurance company doing business in this state *shall make or permit any distinction or discrimination* in favor of individuals *between insurants* (the insured) *of* the same class and *equal expectations of life* in the amount of payment of premiums or rates charged for policies of life or endowment insurance. . . ." (Italics ours.)

Life expectancies are based upon the law of averages, reckoned by the average duration of life of persons of a given age. If insurance companies were permitted to extensively engage in the practice of insuring applicants at less than their true ages, unjust discrimination would result and the business be rendered unsound. The statute seeks to prevent such result and this, and other statutes, declare a legislative policy that the older the applicant the more he shall pay for a given amount of insurance.

In our view, whatever effect the statute may have on other statements, the Misrepresentation statute does not require an insurance company to unqualifiedly base its premium upon the age which the applicant represents himself to be, but permits a contract for equitable adjustment in the event the insurer can show the represented age is incorrect. The conflicting opinions above mentioned of our Courts of Appeal should no longer be followed.

Of course, the burden is upon the insurer to prove the incorrectness of the stated age of the insured. In this case the appellant met this burden by proving admissions of the insured in applications for other policies; and by admissions of the beneficiary in the

proofs of death under the policy sued on and this evidence was not contradicted.

The burden was also on the appellant to prove that the amount deducted was the correct amount based on the proved age difference. The appellant met this burden by proving the admission of the beneficiary as to the correctness of the amount deducted, which admission was contained in the receipt which she signed and which was not disputed by any other evidence.

The judgment of the trial court is reversed. All concur, except *Hays, J.*, absent.