IDA KELLER, Respondent, v. TRAVELERS' INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, May 22, 1894.

Insurance, Life: REDUCTION IN CASE OF SUICIDE. A provision in a policy of life insurance, which reduces the amount of the insurance in case of the suicide of the insured below that otherwise contracted for, makes the suicide a defense to the extent of the reduction, and is, therefore, contrary to the statute on the subject and invalid.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*Lee, McKeighan & Priest* for appellant.

*David Goldsmith* for respondent.

BOND, J.—This is an action by the wife on an insurance policy for $2,500 in her favor on the life of her husband, issued by the defendant in this state after the adoption of the statute hereinafter set out. The defendant admitted the execution of the policy, and averred as a defense to a recovery for the full amount therein specified, to wit:

"Further answering herein, this defendant says that, in and by the terms of said policy of insurance, it is expressly provided and agreed between all parties thereto, that, in the event said Isador Keller shall die by suicide, whether the act be voluntary or involuntary, felonious or otherwise, or whether said Isador Keller, the insured, be sane or insane at the time of the act, that then in that case the defendant company shall be liable for the then full net value of said policy per the American Experience Table of Mortality and four and one-half per cent. interest and no more, and that the same shall be paid in manner and form as provided in said policy for the payment thereof in the event of the death of the said insured.

"And this defendant says that said insured, said Isador Keller on the thirtieth day of November, 1892, committed suicide by hanging himself by the neck until he was dead; that the full net value of said policy per the American Experience Table of Mortality and four and one-half per cent. interest at the date of the death

of the said Isador Keller aforesaid was the sum of $814.50, and no more, and that said amount of $814.50 was, when the same became due and payable, and prior to the commencement of this suit, duly tendered to the plaintiff herein, which she then and there refused to accept from the defendant.

"And this defendant now brings said sum of $814.50 with the interest due thereon into court, and tenders the same to the plaintiff herein together with the costs of this suit in full payment and settlement of its liability under the terms of said policy of insurance as expressed and agreed therein."

From the ruling of the trial court sustaining a demurrer to the above answer, and giving judgment upon defendant's refusal to plead further in favor of plaintiff for $2,600, this appeal was taken. The amount in controversy is $1,785.50.

The only question presented is whether or not the contract sued upon is in contravention of the terms of the following statute:

"Section 5855. When suicide no defense.—In all suits upon policies of insurance on life hereafter issued by any company doing business in this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void. Revised Statutes, 1889, section 5855; Revised Statutes, 1879, section 5982.

The clause of the policy relied on in the answer is to wit: "If the said insured shall die by suicide, or in consequence of indulgence in the use of alcoholic or narcotic stimulants, or other vices as indicated in the above first condition, during the continuance of this policy, the then full net value of this policy per Ameri-

can Experience Table of Mortality and four and one half per cent. interest, and no more, shall be paid in manner and form as hereinbefore provided."

Appellant urges that the clause of the policy invoked in its answer is a mere contractual limitation of the amount of the recovery to be had, upon the death of the assured, for any of the causes mentioned in said clause. A similar clause did receive the construction contended for anterior to the enactment of the section of the statute *supra*. *Adkins v. Columbia Life Ins. Co.*, 70 Mo. 27. Whether or not this rule can be applied after the adoption of the statute in question depends upon its object and terms. The plain purpose of the statute *supra* was to prevent the insertion in policies of life insurance of exceptions to liability on the ground of the suicide of the insured, unless it could be proven "that the insured contemplated suicide at the time he made the application for the policy." This was in effect a legislative declaration of the public policy of this state. That it was intended to limit the power to contract for a lesser liability in cases of death by suicide, not within the limitation expressed in the statute, is also apparent from its terms, to wit: "and any stipulation to the contrary shall be void."

That it is not in the power of the parties to change or annul these statutory provisions with reference to life insurance in this state, has been held in a well considered case in the circuit court of the United States. *Berry v. Knights Templar*, etc., 46 Fed. Rep. 439.

In construing the statute in question, that court said: "The statute is mandatory and obligatory alike on the insurance company and the assured. Its very object was to prohibit and annul such stipulations in policies, and it can not be waived or abrogated by any form of contract or by any device whatever. The legislative will, when expressed in the peremptory

terms of this statute, is paramount and absolute, and can not be varied or waived by the private conventions of the parties." *Berry v. Knights Templar, etc., supra.*

We approve the rule thus stated, and deem it conclusive of the question before us. The fact, that the premium warranted, and the policy guaranteed, full insurance in case of the death of the insured for any cause not specified in the clause set up in the defendant's answer, demonstrates that said clause was designed to modify the liability of the insurance company if the defendant committed suicide. It necessarily follows, if this stipulation as to a decreased liability in the event of death by suicide is enforced, that it is *some* defense to the otherwise full liability agreed upon in the policy. As the statute in question declares that suicide, not committed as therein set forth, is *"no defense,"* we can not hold that the present stipulation can be enforced without violating the plain terms of a mandatory statute which the parties have no power to alter or abrogate.

We do not see the force of the analogy attempted to be drawn by the learned counsel for appellant from the validity of limitations in policies of liability for death resulting from certain special causes, alcoholism, etc., other than suicide. The statute in question does not interdict stipulations as to such other causes of death to the assured, and there is no reason therefore why they may not be the subject of agreement in policies of insurance.

Our conclusion is that the judgment in this case should be affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.