## WHITFIELD v. ÆTNA LIFE INS. CO.

(Circuit Court, W. D. Missouri, W. D.   November 2, 1903.)

### No. 2,698.

**1. LIFE INSURANCE—SUICIDE—EFFECT OF MISSOURI STATUTE.**

Rev. St. Mo. 1899, § 7896, which provides that "in all suits upon policies of insurance on life hereafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void," does not prohibit the parties from contracting in an accident policy that a smaller amount shall be payable thereon in case of the death of the insured from suicide than the amount expressed in the caption of the policy, and which is agreed to be paid in case of death from an accidental and involuntary cause; and a provision in such a policy, nominally for $5,000 in case of death resulting from accident, that, if death shall result from injuries voluntarily inflicted, the recovery shall be limited to $500, is valid and enforceable.

Action on Accident Insurance Policy to Recover for Death of the Insured.

Frank Hagerman, for plaintiff.
Jones, Jones & Hocker and L. C. Boyle, for defendant.

PHILIPS, District Judge. The question to be decided is whether, upon the agreed statement of facts, the plaintiff is entitled to recover the sum of $5,000, the principal sum designated at the head of the insurance policy, or the sum of $500, specified in the contract as the sum recoverable where the death of the assured resulted from injuries voluntarily inflicted upon himself by a pistol shot. The decision turns upon the proper construction of section 7896 of the Revised Statutes of Missouri of 1899, which declares that:

"In all suits upon policies of insurance on life hereafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

It is conceded, in the absence of this express statutory provision, that, at common law, suicide, voluntarily inflicted by the assured, would constitute a complete defense to the action on the policy contract. The statute in question simply declares that "it shall be no defense that the insured committed suicide," in a suit upon such policy. In Logan v. Fidelity & Casualty Company, 146 Mo. 114, 47 S. W. 948,

¶ 1. Suicide as a defense to action on life insurance policy, see notes to Insurance Co. v. Florida, 16 C. C. A. 623; Casualty Co. v. Egbert, 28 C. C. A. 284.

the Supreme Court held that said section of the statute applies to an accident policy on life, as well as to an ordinary life insurance policy.

As this statute is in derogation of the common-law right of defense, it is not to be extended beyond the letter and spirit of the statute. It does not undertake to declare that under an accident policy, involving a great variety of accidents resulting in death, as does the policy in question, parties may not stipulate for the payment of a specified sum in the event of death resulting from suicide. It simply declares that the fact of suicide shall constitute no defense to the suit. It is to be presumed that the term "defense" was employed by the Legislature in its ordinary and natural import. By express provision of the state statute (section 4160), it is declared that, in the construction of statutes of this state, unless such construction be plainly repugnant to the intent of the Legislature or the context of the same statute, "words and phrases shall be taken in their plain or ordinary or usual sense; but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." In law, "defense" is "that which is offered and alleged by the party proceeded against in an action or suit as a reason in law or fact why the plaintiff should not recover or establish what he seeks; what is put forward to defeat an action." Black's Law Dictionary. "The denial of the truth or validity of the complaint. A general assertion that the plaintiff has no ground of action." Bouvier's Law Dictionary.

To say that when the defendant insists that, on the face of the very contract sued on, its liability in case of suicide is limited to $500, is some defense, and therefore is in contravention of the term "it shall be no defense," is, with all due respect, to juggle with mere words, without regard to the meaning. The term "it shall be no defense" is grammatically the equivalent of "it shall not be a defense." It means no more and no less. In law, it means that the given fact of death by suicide shall not bar an action on the policy. The statute does not undertake to say that parties making a contract of insurance shall not agree upon the amount or compensation to be paid by the insurance company in the event of death resulting from suicide. Why parties to such contract may not agree upon a stipulated amount to be paid in case of death resulting from suicide, as well as death resulting from an accident on a railroad car, or occurring in a burning building (which under this policy is made double the amount of the principal liability), is not apparent. As said by the court in Baltimore R. v. Voight, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560:

"The right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy, unless it clearly appear that they contravene public right or the public welfare."

"No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." Shaw v. Railroad Company, 101 U. S. 565, 25 L. Ed. 892.

In Hadden v. Collector, 5 Wall. 107–111, 18 L. Ed. 518, the court said:

"What is termed the policy of the government with reference to any particular legislation is generally a very uncertain thing, upon which all sorts of opinions, each variant from the other, may be formed by different persons. It is a ground much too unstable upon which to rest the judgment of the court in the interpretation of statutes."

So in Scott v. Reid, 10 Pet. 524–527, 9 L. Ed. 519, the court said:

"Where the language of the act is explicit, there is great danger in departing from the words used, to give an effect to the law which may be supposed to have been designed by the Legislature. * * * It is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions."

The only limitation in the language of the statute in question is that, in case of death resulting from suicide, it shall constitute no defense against liability on the policy; that is to say, it shall not defeat a right of recovery to the extent of the sum stipulated for in the policy. The innovation, in short, made by the statute, was to cut off a defense based upon the fact that the assured committed suicide, without undertaking to interfere with the right of contract between parties sui juris as to the extent of liability in case of death resulting from the specific cause.

The purpose of fixing in the caption of the policy a principal liability of $5,000 becomes evident, under a policy like the one in question, which provides that, in case of certain physical disabilities resulting from accidental causes, there shall be a specified amount per week. Under such provision, if there were no principal liability expressed, as the disability would be continuous, as in case of the loss of a hand or foot or an eye, the recovery might run on without limit during the life of the insured, and in the aggregate far exceed the sum of $5,000, the principal sum.

The Supreme Court of this state has not construed the statute in question in the particular here involved. The Logan Case, supra, does not bind or control this court, except in so far as the question involved in that case was determined by the Supreme Court, which was simply whether or not the section of the statute above quoted applies to the instance of death by suicide on an accident policy, as well as to other life insurance policies. Under the well-recognized rule that the language employed by courts in construing statutes can have no binding effect in other litigation, beyond the essential matter considered and determined in the former case, any discussion by the court in the Logan Case must be restrained to the fitness of the matter under consideration.

The decision of the Court of Appeals of this state in Keller v. Travelers' Insurance Company, 58 Mo. App. 557, is not binding upon this court, as it is not a court of the highest jurisdiction in the state. It is not maintainable that the statute in question establishes any public policy of the state, beyond its expression; that is, that suicide shall constitute no defense against liability of the company on an ac-

cident insurance policy. As already suggested, the statute does not undertake to declare that an insurance company may not issue a policy of insurance by which the parties agree, in case of death resulting from suicide, what the amount of recovery shall be. I cannot perceive why the Legislature should deem it contrary to the public policy of the state to permit the insured to agree with the insurance company by contract that, in the event of death resulting from a voluntary act of suicide, what amount should be paid by the insurer. Looking at the language of the statute, and taken in its legal, technical sense, in my humble opinion nothing more was intended than that, in view of the fact that insurance companies under like policies had successfully interposed as a complete defense against any liability that the insured had taken his own life, hereafter no such defense should avail to defeat a recovery. As the Legislature has gone no further in the assertion of the state policy, the courts ought not to undertake by mere judicial assertion to extend the operation of the statute.

In reply to the suggestion that the foregoing construction of the statute would authorize a practical evasion of its spirit, by recognizing the right of the contracting parties to limit the amount of recovery to $1, it should be enough to say that illustrations are often dangerous in the construction of statutes. It is sufficient for the court to decide the particular case on trial. It is hardly conceivable that a party aware of his rights under the statute—and the law presumes him to be cognizant thereof—would consent to accept as compensation for such loss the sum of $1; and, if he should, it would be for the court to decide whether such inconsequential sum was not a practical evasion of the spirit of the statute. The sum of $500, provided for in this case, is a substantial sum; and as the pleading of the contract in question, voluntarily entered into by the parties, goes merely to the question of the amount of the recovery, and not to defeat a recovery, my conclusion is that the plaintiff is only entitled to recover the sum of $500.