PAULINE BRUNSWICK, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Respondent.

St. Louis Court of Appeals, July 5, 1916.

**ACCIDENT INSURANCE: Suicide: Statute.** Under section 6945, R. S. 1909, providing that, in suits upon policies of life insurance, it shall be no defense that the insured committed suicide, unless it appears that he contemplated suicide when he made his application, suicide is regarded as an "accident," within an accident insurance policy, insuring against disability or death resulting directly, exclusively and independently of all other causes from *accidental* bodily injuries, etc.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.  CERTIFIED TO SUPREME COURT.

*Emerson E. Schnepp, Otto F. Karbe* and *Taylor & Mayer* for appellant.

Even if Brunswick died because he intentionally took cyanide of potassium, yet, under the law, such intentional taking constituted an accident.  Applegate v. Travelers Ins. Co., 153 Mo. App. 63; Harms v. Fidelity & Casualty Co., 172 Mo. App. 241; Whitfield v. Aetna Life Ins. Co., 205 U. S. 489; Logan v. Fidelity & Casualty Co., 146 Mo. 114; Knights Templars and Masons Life Indemnity Co. v. Jarman, 187 U. S. 197.

*Merritt U. Hayden* for respondent.

Having averred in her petition that "the insured, William Brunswick, died, his death resulting, directly, exclusively and independently of all other causes, from accidental bodily injuries from and caused by the said William Brunswick taking, on said day, poison known as cyanide of potassium," the burden was upon appellant to prove, first, that said Brunswick took the said poison; second, that he took it accidentally; and, third, that it caused his death.  Laessig v. T. P. A., 169 Mo. 272; Norman v. Commercial Travelers, 163 Mo. App. 175; Bathe v. Insurance Co., 152 Mo. App. 87; Glover v. Henderson, 120 Mo. 367; Ranney v. Lewis, 182 Mo. App. 58; Berger v. Storage Co., 136 Mo. App. 36; O'Shea v. Lehr, 182 Mo. App. 676; Wright v. Commercial Travelers, 188 Mo. App. 457; Insurance Co. v. Vandecar, 86 Fed. 282; Taylor v. Insurance Co., 110 Iowa 621; Carnes v. Traveling Men's Association, 106 Iowa 281; Goodes v. Commercial Travelers, 174 Mo. App. 330; Vernon v. Traveling Men's Ass'n, 158 Iowa 597.

NORTONI, J.—This is a suit on a policy of accident insurance.  The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Plaintiff is beneficiary in the policy, issued by defendant to her husband William Brunswick.  The policy,

as stated, is one of accident insurance, in that it stipulates insurance on William Brunswick against disability or death resulting directly, exclusively and independently of all other causes from accidental bodily injuries, except when self-inflicted while insane. There is no substantial evidence tending to prove an accident, as that term is commonly understood and accepted, but it is said plaintiff's husband committed suicide.

There is ample evidence in the record tending to prove that the insured, plaintiff's husband, while the policy was in force and effect, committed suicide through taking poison—that is, cyanide of potassium. It sufficiently appears that the policy was issued to Brunswick in the city of St. Louis, where he resided, and in which city he subsequently died, and, therefore, it is to be interpreted in connection with our suicide statute.

At the instance of defendant, the court gave the two following instructions:

"1. The court instructs the jury that if you find and believe from the evidence that the death of William Brunswick was caused in any other manner or by any other means than by accident, then the plaintiff cannot recover, and your verdict must be for the defendant."

"2. You are instructed that, even though you may find from the evidence that William Brunswick took cyanide of potassium, on the day of his death, and even though you may further find that his death was caused thereby, there is still no presumption in law that his act in taking said poison, if you find that he did take it, was accidental, or that his death resulted from accidental bodily injuries. On the contrary, the burden is upon the plaintiff to prove that the death of said William Brunswick resulted, independently of all other causes, from accidental bodily injuries, and, unless she has proved such fact, she cannot recover, and your verdict must be for the defendant."

It is argued the court erred in so instructing the jury, in that, under the law, suicide is deemed an accident within the policy, when construed together with

our statute (section 6945, R. S. 1909.)    The statute is as follows:

"In all suits upon policies of insurance on life hereafter issued by any company doing business in this State, to a citizen of this State, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the cause, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

There is no suggestion in the case that the insured contemplated suicide at the time of taking out the policy sued upon, and the matter is to be considered alone on the face of the policy as influenced by the statute quoted. When there is evidence tending to prove the insured came to his death as a result of accidental means—that is, through violence or otherwise—as by the unintentional taking of an overdose of poison or something of that character, it appears to be well enough that the defense of suicide should be rejected under this statute, for a policy of accident insurance is regarded as one on the life of the insured.    [See Logan v. Fidelity & Casualty Co., 146 Mo. 114, 47 S. W. 948.]

But though such be true, it is indeed difficult to perceive on what principle suicide, which is the intentional taking of one's life, may be said to be an accident, within the terms of the policy, even as influenced by the statute.    However that may be, the course of decision seems to sustain the view that suicide is to be regarded as an accident and a recovery may be had on an accident policy when the death results from the act of the insured intentionally taking his own life as if it occurred through accidental means.

In Whitfield v. Aetna Life Ins. Co., 205 U. S. 489, the policy involved was one of accident insurance, as here, and it was admitted in the pleadings that the insured "died from bodily injuries caused by a pistol shot fired by himself and the cause of his death was suicide." Moreover, the case was submitted on an agreed statement of facts which recited that the insured "died from

bodily injury caused by a pistol shot intentionally fired by himself for the purpose of thereby taking his own life; that the cause of the death of said Whitfield was suicide.'' On these facts the question of liability under an accident policy was considered, in connection with our suicide statute above quoted, by the Supreme Court of the United States, which gave judgment to the effect that the plaintiff was entitled to recover the full amount of the policy sued on.

Subsequently this court, in Applegate v. Travelers' Ins. Co. of Hartford, Connecticut, 153 Mo. App. 63, 90, 132 S. W. 2, considered the matter of a suicide through the taking of poison, as here, and enforced a recovery on an accident policy, considered together with our suicide statute.

In that case, the court said:

''The policy as interpreted by the law and by the courts, does provide that when death occurs from suicide, whether that suicide is accomplished by poison or by shooting, the beneficiary shall recover for the full amount insured to be paid by reason of death occurring.''

If these judgments are sound, then suicide is to be regarded as an accident, within the terms of the policy, and the instructions above set forth are erroneous.

The judgment should be reversed and the cause remanded. It is so ordered. *Allen, J.,* concurs. *Reynolds, P. J.,* concurs in result only; not agreeing to the apparent doubt cast upon the correctness of the holding in the Whitfield and Applegate decisions, supra.

NORTONI, J.—Since the above opinion was filed, the attention of the court has been directed to the case of Scales v. National Life and Accident Ins. Co., recently decided by the Springfield Court of Appeals, which appears to reflect a contrary view. This case should, therefore, be certified to the Supreme Court for a final determination, in accordance with the mandate of the Constitution, as in conflict with the case last cited. It is so ordered. All concur.

## SEPARATE OPINION.

REYNOLDS, P. J.—This case is to be certified to the Supreme Court as in conflict with the decision of the Springfield Court of Appeals in Scales v. National Life & Accident Ins. Co., not yet officially reported, but see 186 S. W. 948, the opinion in that case filed May 25, 1916, after our court had filed its opinion in the case at bar and not brought to our attention until after we had filed our opinion in it, which we did July 5, 1916. I think it proper to add a few words to what I said in my concurring opinion in the case at bar. There I said that, while agreeing to the reversal and remanding of the case, I could not agree to the apparent doubt cast upon the correctness of the holding of the United States Supreme Court in Whitfield v. Aetna Life Ins. Co., 205 U. S. 489, or of our court in Applegate v. Travelers' Ins. Company of Hartford, Conn., 153 Mo. App. 63, commencing at page 90; 132 S. W. 2. I add to the above that since reading the very learned and elaborate opinion by my Brother FARRINGTON, speaking for the Springfield Court of Appeals in the Scales case, supra, I think that that opinion is contrary to what was held by our court in Keller v. Traveler's Ins. Co., 58 Mo. App. 557, as well as in the Applegate case, supra, and by what is held by our Supreme Court in Logan v. Fidelity & Casualty Co.. 146 Mo. 114, 47 S. W. 948, as well as by the Supreme Court of the United States in construing our suicide statute. It is clear to me that if the view taken by the Springfield Court of Appeals in the Scales case is correct, its effect is not only to overturn those decisions, but to evade and nullify our suicide statute (Revised Statutes, 1909, sec. 6945).

It is not pretended in this case that at the time the insured made his application for the policy he contemplated suicide. It is also clear that at the time of taking out the policy he was a citizen of this State. So that this section 6945, as it seems to me, is directly applicable here. That must be so unless it is held that this section does not apply to accident policies. As a

matter of fact suicide is never an accident, but is always, in the case of a sane man, premeditated and unless we hold contrary to the former decisions of our court in the Keller and Applegate cases and of our Supreme Court in the Logan case, and of the Supreme Court of the United States in the Whitfield case, every one of which were cases of suicide, it must follow that the result arrived at by the Springfield Court of Appeals in the Scales case is erroneous.

It is not to be overlooked, moreover, that the decision of the Supreme Court of the United States in the Whitfield case was directly in line with what that court had held in Knights Templars' and Masons' Life Indemnity Co. v. Jarman, 187 U. S. 197. The opinion in the last mentioned case was written by Mr. Justice BROWN and concurred in by all the Justices of the Supreme Court except Mr. Justice HARLAN, who, as reported, took no part in its decision. But afterwards Mr. Justice HARLAN wrote the opinion of the court in the Whitfield case. So we have the unanimous holding of the Justices of the United States Supreme Court sustaining and applyig our suicide law to accident policies. As I understand the decisions of our own court, of our Supreme Court and of the Supreme Court of the United States, the defense of suicide, whether by shooting, hanging or taking of poison, is no defense under our statute against the payment of the principal sum to the beneficiary of an accident policy and that the insurance company cannot limit its liability below that amount by any provision, either denying any compensation in case of suicde or diminishing the amount to be paid when death is the result of suicide.

I think the decision of the Springfield Court of Appeals in the Scales case is not only contrary to what we have here hold, but what our own court, our Supreme Court, and the Supreme Court of the United States has held in the cases I have cited.