MARY C. SAUNDERS, Respondent, v. UNION CEN-
TRAL LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals.    Opinion Filed June 5, 1923.

1. **INSURANCE: Contracts: Non-forfeiture Statute: Contrary Pro-
visions: Void.** Where an insurance policy and loan agreement is
a Missouri contract, the non-forfeiture statute (sections 5856-5859,
Revised Statutes 1889) is by the law written into the contract and
is a part thereof, and any provision in the contract which is con-
trary to the statutory provisions or annuls their effect, is inef-
fective for the purpose, as the law of this State prohibits any in-
surance company, domestic or foreign, from making contracts in
this State which are contrary to or annul our statutory regulations.

2. ———:———: ———: **Has no Application to Contracts Made Out-
side State.** The Missouri non-forfeiture law (sections 5856-5859,
Revised Statutes 1889) has no application to insurance contracts
made outside of this State as it is beyond the power of the State
to extend its authority beyond its borders so as to control con-
tracts made elsewhere.

3. ———: ———: ———: **Policy and Loan Made Within This State:
State Law Governs.** Where both parties to an insurance policy
and loan agreement at the time it was entered into were residents
of this State, and the essential steps creating the contract took place
in this State, that is, the application for the policy was executed
and delivered to the insurer, and the policy itself delivered to the
insured, and the premiums paid in this State, and the application
for the loan was executed by the insured and the plaintiff and de-
livered to the insurer in this State as also the note evidencing the
loan, *held* the non-forfeiture statute (sections 5856-5859, Revised
Statutes 1889) applied to the policy and the provisions contained in
the policy to the effect that it should be construed and treated as a
contract made in a foreign State was ineffective for the purpose
of preventing the application of the non-forfeiture statute to the
contract.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Percy Werner* for appellant.

(1)  Appellant and its insured had a legal right to meet in Missouri and enter into a policy insurance contract, and agree therein that it should be held and construed to have been made in the State of Ohio.  McElroy v. Metropolitan Life Ins. Co., 84 Neb. 866; 19 Am. and Eng. Ann. Cas, 1. c. 35, and note; Guessemer v. Mutual Life Ins. Co., 10 Wash. 202; Green v. Life Ins. Co., 159 Mo. App. 274.  (2)  The loan agreement in this case was not a contract independent of the policy, but distinctly a contract subsidiary thereto, and hence an Ohio contract, to be held and construed the same as the policy, that is, governed by the laws of Ohio.  Liebing v. Mutual Life Ins. Co., U. S. Sup. Ct. (42 Sup. Ct. Rep. 467), 226 S. W. 987; Burridge v. New York Life Ins. Co., 211 Mo. 158; McCall v. International Life Ins. Co., 196 Mo. App. 318; Dannhauser v. Wallenstein, 169 N. Y. 199; Cole v. Knickerbocker Life Ins. Co., 63 How. Pr. (N. Y.) 442; McDonnell v. Alabama Gold Life Ins. Co., 85 Ala. 401; Lewis v. New York Life Ins. Co., 181 Fed. 433; Scally v. W. T. G. & Co., 11 Cal. App. 738; Russell v. Harrington, 33 Okla. 225.  (3)  Under all the evidence, the sale of the policy to appellant under the loan, agreement was valid.  (4)  The policy contract and subsidiary loan agreement being Ohio contracts, plaintiff was not entitled to appeal to the provisions of the Missouri statutes relating to extended insurance.

*Chilton Atkinson* and *Richard A. Jones* for respondent.

BIGGS, C.—This is an action on a policy of life insurance for the sum of $4200, issued by defendant company upon the life of Ernest L. Saunders, deceased, the beneficiary named therein being plaintiff his widow. Following the verdict of a jury there was a judgment for $1597.17, which represents the face of the policy, less certain unpaid premiums with interest thereon and also less the amount of a loan made by the defendant on said policy during the lifetime of said Saunders. From this judgment defendant appeals.

The defendant was organized under the laws of Ohio, was licensed to do business here, and maintained a branch office in the city of St. Louis. The insured Saunders was also a resident of St. Louis, and made application to the St. Louis office of the defendant for the policy, which application was in writing and was delivered to the defendant at St. Louis. Thereafter the policy was executed at Cincinnati, Ohio, delivered to the insured in the city of St. Louis, and the premiums were paid here.

After alleging the execution and delivery of the policy on December 31, 1897, in consideration of the payment of the annual premium of $132.30, and making the further allegation that the insured had paid all annual premiums up to and including the premium due for the year 1907, it is alleged in the petition that the said insured Ernest L. Saunders died on the 12th day of August, 1918; that the premiums were not paid on the policy after the premium due in advance for the year 1907, payable on the 31st day of December, 1906, but that at the time of default in the payment of said premium, three-fourths of the net value of said insurance policy computed upon the American experience table of mortality with four and one-half per cent interest per annum, as provided by the terms and conditions of the Revised Statutes of Missouri of 1889, sections 5856-5859, was of an amount taken as a net single premium for temporary insurance for the full amount written in said insurance policy sufficient to pay for and maintain same in full force and effect for and in accord with the provisions of said law up to and beyond the 12th day of August, 1918, when said Ernest L. Saunders died, and at the time of his death said policy was in full force and effect and defendant required to make payment thereon, less the amount of the unpaid premiums with interest and the amount of the loan negotiated by said Ernest L. Saunders with the defendant company and on account of which the policy was given as collateral security.

By its answer, defendant admitted the execution and delivery of the policy, and denied all the other allega-

tions of the petition. The answer further set up that the policy was issued subject to the terms and conditions contained therein, one of which was that the defendant company would loan certain amounts at certain times as set forth in a Table of Loan Values in the policy; that the insured had obtained a loan of $825 from appellant in accordance with the terms of such policy, and had deposited same as collateral under a joint note of himself and wife; that under the terms of said note and after default thereon, a sale of said policy was had and the defendant became the purchaser thereof at private sale; that the insured had acquiesced therein, and by reason thereof the note had become extinguished and the policy canceled.

The policy in suit contained the following provision: "This policy is issued and accepted subject to the benefits, provisions and conditions contained on the second page hereof, which are made a part of this contract, which contract shall be held and construed to have been made in the city of Cincinnati, Ohio." There was a further provision that the company will loan on the policy as collateral security at the end of the ninth year thereof the sum of $823, the premium for the next succeeding year to be deducted from the loan.

All premiums on the policy were paid up to and including the one due on December 31, 1906. On December 3, 1906, the insured made a written application for a loan, which was executed and delivered to defendant at the city of St. Louis, and on December 4, 1906, the insured and the plaintiff his wife, delivered to the defendant their promissory note for the loan applied for, namely, $825, at St. Louis; and here received a check for the proceeds of the loan, less the next annual premium on the policy. The application for the loan was sent by the St. Louis branch of the defendant company to its home office at Cincinnati, where the loan was approved and form of note sent to the St. Louis office for signature of the insured and plaintiff. Check for the proceeds of the loan was likewise sent from the Cincinnati office

to the St. Louis Office, which delivered same to the insured. The loan agreement executed by the insured and the plaintiff at the time is as follows:

"825.00                     "Cincinnati, O., Dec. 4, 1906.

"On or before five years after date, for value received, we jointly and severally promise to pay to the order of The Union Central Life Insurance Co., eight hundred and twenty-five dollars, without discount or defalcation, at its office in Cincinnati, O., with interest at six per cent per annum, payable annually.

"We herewith pledge to and deposit with said company policy No. 166,801, issued by said company upon the life of Ernest L. Saunders as Collateral Security for this note, and hereby agree to keep the premiums paid upon said policy.

"Upon the failure to pay said note at maturity, or any installment of interest when due, or any premium or premium note, when due, then forthwith the principal of said note and accrued interest shall immediately become due and payable, and in such case said insurance company may sell said policy at any time, or place, without notice, at public or private sale, and at such sale the said insurance company may become the purchaser, but a sale shall not be made to any person below the amount of the indebtedness secured by said policy.

"Should said company purchase said policy, and should the total indebtedness be less than the reserve value of the extended insurance for the current policy year provided therein, such purchase shall take place at the expiration of said policy year; and the difference shall be applied to the purchase of paid-up, non-participating term insurance for an amount equal to the difference between the face of said policy and the amount of said indebtedness, and for such tme as said sum would carry such insurance on the basis of calculation for extended insurance used in said policy.

"This note is executed on the condition that the company will look only to the security of the policy for the payment of the same.

"P. O. Address:

"Street and No. c/o Carleton Dry Goods Co.

"Town St. Louis.

"County and State Mo.

ERNEST L. SAUNDERS

MARY C. SAUNDERS."

The plaintiff recovered judgment on the theory that the nonforfeiture statutes of Missouri applied to the policy, and that at the time of the default in the payment of premium three-fourths of the net value of the policy with interest, in accordance with the provisions of said non-forfeiture statutes (Revised Statutes of Missouri, 1889, sections 5856 to 5859), with deduction of indebtedness due for premiums taken as a net insurance premium for temporary insurance, was sufficient to have kept the policy in force beyond the date of the insured's death, and that therefore at the time of his death the policy was in full force and effect.

It is contended by the defendant that the contract and loan agreement executed subsequent thereto and which is subsidiary to the policy and the policy are Ohio contracts, and the policy is not subject to the provisions of the Missouri statutes and that under the terms of the loan agreement the policy has been canceled and all liability thereunder extinguished by a sale on April 3, 1908, under the collateral agreement.

In view of the fact that plaintiff's evidence was sufficient to warrant a finding to the effect that the policy in suit, at the time of the default in premium payment when measured by the rules provided by our non-forfeiture statute, had a net value sufficient to pay for and carry said policy in full force and effect beyond the date of the insured's death, the question for determination is whether such non-forfeiture statute is controlling and applicable to the said policy contract. That problem is solved by determining whether the policy and its subsidiary loan agreement were Missouri or Ohio contracts.

If under the facts they are Missouri contracts, the Missouri statute referred to is by the law written into the contract and is a part thereof, and any provision in the contract which is contrary to the statutory provisions or annuls their effect is ineffective for the purpose. Our law prohibits any insurance company, domestic or foreign, from making contracts in this State which are contrary to or annul our statutory regulations. [Horton v. Ins. Co., 151 Mo. 604, 52 S. W. 356; Smith v. Ins. Co., 173 Mo. 329, 72 S. W. 935; Burridge v. Ins. Co., 211 Mo. 158, 109 S. W. 560; Craven v. Ins. Co., 148 Mo. 583, 50 S. W. 519; Insurance Company v. Craven, 178 U. S. 389; Whitfield v. Ins. Co., 205 U. S. 489, affirming Keller v. Insurance Co., 58 Mo. App. 557; Head v. Insurance Company, 241 Mo. 403, 147 S. W. 827.]

If on the other hand they are to be deemed Ohio contracts, then the Missouri non-forfeiture law has no application, as it is beyond the power of the State to extend its authority beyond its borders so as to control contracts made elsewhere. [New York Life Insurance Company v. Head, 234 U. S. 149; Dodge v. Insurance Company, 246 U. S. 357; Liebing v. Ins. Co., 226 S. W. (Mo. Sup.) 897; Mutual Life Insurance Company v. Liebing, U. S. Supreme Court, 42 Supreme Court Reporter, 467.

We rule both the policy and the loan agreement to be Missouri contracts under the evidence shown by the record, because both parties to the contract at the time it was entered into were residents of Missouri. The essential steps creating the contract took place in this State. The application for the policy was executed and delivered to the defendant in the city of St. Louis, the policy itself was delivered to the insured here, and the premiums were paid to the defendant at its St. Louis office. The application for the loan was executed by the insured and the plaintiff and delivered to the defendant at St. Louis, as was the note evidencing the loan. Likewise the check for the proceeds of the loan was delivered to the insured by the defendant at St. Louis.

Such being the case, the obligations created constituted a Missouri contract, and should be construed by the laws of this State. Such being true the non-forfeiture statute applied to the policy and the provision contained in the policy to the effect that it should be construed and treated as an Ohio contract was ineffective for the purpose of preventing the application of the non-forfeiture statute to the contract.

This conclusion renders it unnecessary to determine the question whether under the facts defendant, through proper steps, forfeited and canceled the policy under the terms of the loan agreement. It follows that the judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.