The issue as presented is whether a beneficiary under accident insurance provisions which expressly exclude coverage for death caused by poison may recover the accidental death *Page 144 
benefits where insured's death resulted from self-administered poison while insane. (We set out the policy provisions in the footnote.*) The case is here upon certification from the Kansas City Court of Appeals. See Fields v. Pyramid Life Insurance Company, 169 S.W.2d 111. It is an action by the beneficiary for double indemnity under accidental death provisions of two insurance policies issued by the insurer to insured, her husband, the insurer having paid the ordinary death benefit. The facts are detailed in the Court of Appeals' opinion, correctly ruling against recovery.
Section 5851, R.S. 1939, so far as material here, provides: "in all suits upon policies of insurance on life . . . it shall be no defense that the insured committed suicide . . ., and any stipulation in the policy to the contrary shall be void." We have considered suicide by poisoning while insane an accident. Brunswick v. Standard Acc. Ins. Co. (Banc, 1916), 278 Mo. 154, 165, 213 S.W. 45, 47, 7 A.L.R. 1213; Scales v. National L. Acc. Ins. Co. (Banc, 1916), 212 S.W. 8, 9[1].
Plaintiff's position is that insured's death was an accident under the Missouri law, that the policy provision excepting liability in the event of "poisoning" has reference to poisoning while sane; and that plaintiff is entitled to recover.
Insurer defends on the ground, since all concede insured's death resulted from [282] "poisoning", that insured's death was not within the coverage of the policy, and that Sec. 5851 has no applicability to the instant issue.
That the instant policy provisions are not ambiguous in the circumstances before us, see Dixon v. Travelers Protective Ass'n,234 Mo. App. 127, 133, 113 S.W.2d 1086, 1089; Scales v. National L. Acc. Ins. Co. (Mo. App.), 186 S.W. 948, 950[3]; Brock v. American Cent. L. Ins. Co. (Mo. App.), 44 S.W.2d 200; Cleaver v. Central States L. Ins. Co., 346 Mo. 548, 554, 142 S.W.2d 474, 477; State ex rel. v. Shain (Banc), 344 Mo. 623, 629,127 S.W.2d 675, 678[7, 8]; State ex rel. v. Shain, 344 Mo. 276, 282[1],126 S.W.2d 181, 183[1] Eirich v. State Mut. L. Assur. Co.,127 Conn. 252, 16 A.2d 351, 131 A.L.R. 1057, 1059[2, 4].
Counsel fail to direct us to and we find no ruling of this court on the precise issue. The beneficiary stresses the Missouri case of Applegate *Page 145 
v. Travelers Ins. Co. (1910), 153 Mo. App. 63, 84, 132 S.W. 2, 9. Insurer stresses Scales v. National L. Acc. Ins. Co. (1916, Mo. App.), 186 S.W. 948, 950 [4, 7].
The beneficiary in the Applegate case, supra, sought recovery of the face of the policy for death by intentional suicide by poison of the insured, her husband, under a policy limiting liability "in the event of death . . . by . . . poison" to "one-tenth of the amount otherwise payable . . ."; together with provisions "that the insurance should not cover . . . suicide sane or insane . . ." Insurer sought to defend on the ground that since death was the result of poison, the beneficiary's recovery was to be limited to one-tenth of the face of the policy. The case held in effect that under Sec. 5851, supra, insurer was liable for the face of the policy on the grounds: 1st, That Sec. 5851, supra, eliminated the defense of suicide, sane (intentional) or insane (accidental), not contemplated by the insured at the time of the application for the policy, stating: "This, however, is not a case of accident, but of design — a case of suicide by poison," and: "Whether he took that poison accidentally or of purpose is not material here"; and, 2nd, that the pleaded defense of explicit policy provisions limiting liability in the event of death by poison was not available to insurer because if such defense did not set up suicide as a defense, then insurer interposed no defense and insurer's argument that said defense was one of death by poison, without setting up the suicide, was narrow and unsound; stating: ". . . when death occurs from suicide, whether that suicide is accomplished by poison or by shooting, the beneficiary shall recover for the full amount insured to be paid by reason of death occurring. The statute eliminates suicide as a defense." 153 Mo. App. l.c.s 72, 89, 90, 132 S.W. l.c.s 5, 11. (Brunswick v. Standard Acc. Ins. Co. (1916), 195 Mo. App. 651, 654, 187 S.W. 802, 803[2], followed the Applegate and other cases, stating: "If these judgments are sound, then suicide is to be regarded as an accident . . ." Court en banc, however, upon certification (1919), 278 Mo. 154, 165, 166, 169, 213 S.W. 45, 47[4, 5], 49, 7 A.L.R. 1213, held suicide while sane (intentional suicide) not an accident. Von Crome v. Travelers Ins. Co., 11 F.2d 350, 353. Consult Annotation, 41 A.L.R. 1523.)
The Scales case, like the Applegate case, was an action on an accident policy providing that in the event of death by poison the liability was limited to one-fifth of the face of the policy, the insured intentionally having taken poison. The holding of the St. Louis Court of Appeals in the Applegate case to the effect the insurer could not interpose the policy limitation in the event of death by poison as a defense as its effect was to grant insurer the advantage of the defense of suicide was explicitly disapproved by the Springfield Court of Appeals. 186 S.W. l.c. 950[7]. Upon certification, court en banc (a majority concurring in result), (1919), 212 S.W. 8, 9[2], sustained *Page 146 
the result reached by the Springfield Court of Appeals upon the ground that "intentional self-destruction by a sane man is not an accident" and upon the "poison" feature of the case only remarked in closing: "As the plaintiff, under the facts as shown, cannot recover more than $140, it becomes unnecessary for us to pass on the question so thoroughly and ably discussed by the court of appeals."
The Applegate case, with respect to the point under review, relies upon certain observations in Whitfield v. Aetna L. Ins. Co., 205 U.S. 489, 27 S.Ct. 578, 51 L.Ed. 895, reversing 144 F. 356, 75 C.C.A. 358, 125 F. 269. We think the holding, as distinguished from [283] observations arguendo, in the Whitfield case is not upon the instant issue. That action was upon an accident policy. Insurer's defense that insured died from "a pistol shot intentionally fired by himself for the purpose thereby of taking his own life; that the cause of the death of said Whitfield was suicide" differed from the instant defense in that death by "a pistol shot" was not pleaded as an exception to the coverage but the defense interposed was restricted to the policy's exception, as pleaded, of "death . . . caused by . . . suicide, sane or insane . . ." (205 U.S. l.c. 491.) The Court held, so far as material to the instant issue and as stated in the concluding paragraph (l.c. 501): ". . . we adjudge that . . . where liability upon a life policy is denied simply because of the suicide of the insured, the beneficiary of the policy can recover the whole of the principal sum . . ."; the court reasoning (l.c. 496) from Sec. 5851, supra, that: ". . . the legislative intent was to cut up by the roots any defense, as to the whole and every part of the sum insured, which was grounded upon the fact of suicide. . . . Any contract inconsistent with the statute must be held void." [Italics ours.] See Brunswick v. Standard Acc. Ins. Co. (Banc), 278 Mo. 154, 168-170, 213 S.W. 45, 48, 49, 7 A.L.R. 1213; Scales v. National L. Acc. Ins. Co. (Banc), 212 S.W. 8, 10 (Mo. App.), 186 S.W. 948, 951; Langan v. United States L. Ins. Co., 344 Mo. 989, 996, 130 S.W.2d 479, 482.
Observations in our opinions refute the beneficiary's argument that "if the policy undertook to exempt from coverage or from liability `poisoning by an insane person' it is contrary to Sec. 5851." Vide: "The statute does not put into the policy a single obligation other than those mentioned in the policy. It merely takes out of the policy the defense of suicide as to the obligations mentioned in that policy." Scales v. National L. 
Acc. Ins. Co. (Banc), 212 S.W. 8, 9. "In short, as forecast above, the section does not write into an accident policy a cause of action where none existed upon the facts." Brunswick v. Standard Acc. Ins. Co. (Banc), 278 Mo. 154, 169, 213 S.W. 45, 49, 7 A.L.R. 1213. The concession in the Applegate case (153 Mo. App. l.c. 90, 132 S.W. l.c. 11) seems to be in accord, although the result differed; viz.: "The argument is also advanced that suicide *Page 147 
does not give a cause of action. That is true. . . . The statute eliminates suicide as a defense." The beneficiary advances no argument convincing us that the result, or the reasoning of Farrington, J., in Scales v. National L. Acc. Ins. Co., 186 S.W. 948, is erroneous. It is in harmony with observations of court en banc in the Scales and Brunswick cases, supra. Briefly: If Sec. 5851 merely eliminates the defense of suicide and writes into an accident insurance policy no cause of action not therein created, it follows that no liability is created by said section in the event of suicide by poison, sane or insane, under policy provisions expressly excepting liability in the event of death by poison. Otherwise, the statute not only adds an obligation to the policy but adds an obligation explicitly excluded therefrom. In accord: Dixon v. Travelers P. Ass'n, 234 Mo. App. 127,113 S.W.2d 1086; McReynolds v. New York L. Ins. Co., 122 F.2d 895, certiorari denied, 315 U.S. 700, 86 L.Ed. 560, 62 S.Ct. 483; New York L. Ins. Co. v. West, 102 Colo. 591, 82 P.2d 754, 756[2]. Consult Annotation, 131 A.L.R. 1061. The Applegate case, supra, is overruled to the extent indicated.
The judgment is affirmed. Westhues and Barrett, CC.,
concur.
* "In event of death from accident as hereinafter defined the company agrees to increase the amount payable under this policy . . . provided such death results solely from bodily injuries, caused directly, exclusively or independently of all other causes by external, violent and purely accidental means, and provided also that such death shall have ensued within 90 days from the date of such injuries and shall not be the result of homicide, nor be caused directly or indirectly by self-destruction while sane or insane, poisoning, septicemia, infection, disease or illness of any kind, physical or mental infirmity, any violation of law by the Insured, military or naval service of any kind in time of war or by engaging as a passenger or otherwise in aviation or aeronautics."