MYRTLE E. JOHNSON ET AL. v. CENTRAL MUTUAL INSURANCE ASSOCIATION, Appellant.—143 S. W. (2d) 257.

Division One, September 18, 1940.*

*NOTE: Opinion filed at May Term, 1940, July 18, 1940; motion for. rehearing ·filed; motion overruled at. September Term, 1940, September 18, 1940.

*Irwin, Bushman & Buchanan* for appellant.

820

*Harry Waltner, J. R. Rose* and *Ralph B. Nevins* for respondents.

HYDE, C.—This is an action in two counts on life insurance certificates, of $1000 each, issued by an association organized under Article 3, Chapter 37, R. S. 1929, and operating on the assessment plan. Plaintiffs, beneficiaries, had verdict and judgment on each count. Defendant appealed to the Kansas City Court of Appeals, which affirmed the judgment. [Johnson v. Central Mutual Ins. Assn., 132 S. W. (2d) 674.] However, "deeming this opinion in conflict with the question of St. Louis Court of Appeals," in two cases named,

the court certified the cause here under the provisions of Section 6, Amendment of 1884, to Article 6, of the Constitution.

Defendant defended on the ground that these certificates were "void from the beginning," because purported insured was disqualified to be a member of or insured by the Association when these certificates were issued to her in 1931 upon applications stating her age to be fifty years. Defendant tendered into court all fees and assessments paid by or on behalf of Mrs. Parrish to whom these certificates were issued. [See Klaber v. O'Malley (Mo.), 90 S. W. (2d) 396.] Defendant assigns error in refusing its requests for peremptory instructions. However, the Court of Appeals found, and defendant seems now to concede, that "there was evidence, both oral and documentary, showing that insured was 55 years of age when the certificates were issued, and there was evidence the statements in the applications, that she was born January 13, 1881, was correct." Therefore, this assignment is overruled.

Defendant's other and principal assignment is against plaintiffs' instruction No. 1, which was as follows:

"The Court instructs the jury that under the law, if the age of the insured was misrepresented in the application for insurance, that fact does not constitute any defense to this action, and said misrepresentation, if so made, would not be a valid reason for refusing to pay the full amount of the insurance issued by defendant upon the life of Norah Isabelle Parrish, unless the jury believe and find from the evidence that the matter misrepresented actually contributed to or caused the death of said insured, Norah Isabelle Parrish."

Defendant's complaint is that it was error to direct the jury that the age of the insured did not constitute any defense if such age did not contribute to cause her death. Defendant's point is that the certificates never became valid contracts, if insured was over the Association's age limit when issued. For the validity of the policies and the propriety of this instruction, plaintiffs rely upon the applicability of the misrepresentation statute. [Sec. 5732, R. S. 1929, 6 Mo. Stat. Ann. 4373.] Each of the certificates sued on provided that "the By-laws of the Association now in force or hereinafter amended or enacted, are taken and construed and made a part of this agreement." Defendant's by-laws, Section 3, provided: "The members of the Association shall consist of . . . persons fifteen years of age, and who at nearest birthday is not more than fifty years of age, who shall make application for and receive a membership certificate . . . and who shall remain in good standing" by paying required assessments. Section 20 provided that "the Board of Directors have power to make . . . (rules and regulations respecting membership application, etc.) . . . and may change the age limit at which members may be accepted into the Association but no changes in the age

limit shall be construed as effecting policies theretofore issued.''
Section 5751, R. S. 1929 (6 Mo. Stat. Ann. 4406) provides that ''no
corporation doing business under the article shall issue a certificate
or policy upon the life of any person who at the nearest birthday is
more than sixty years of age.'' It has been definitely settled that a
policy issued to a person over this age, provided in the statute, is void
*ab initio.* [McNairy v. Standard Life Ins. Co. (Mo. App.), 114 S.
W. (2d) 156; Parish v. Missouri Mutual Assn. (Mo. App.), 8 S. W.
(2d) 1018; Reed v. Missouri Mutual Assn. (Mo. App.), 5 S. W. (2d)
675; Riley v. Missouri Mutual Assn. (Mo. App.), 278 S. W. 780.]
Likewise, as recognized in Dieterle v. Standard Life Ins. Co. (Mo.
App.), 119 S. W. (2d) 440, referred to by the Kansas City Court
of Appeals as in conflict with its opinion herein, the same thing would
be true if the certificate violated the prohibition in Section 5751
against issuing a policy ''upon any life in which the beneficiary named
has no insurable interest.'' Does the same rule apply here to a lesser
age fixed for membership by the by-laws of this assessment company?

█ The misrepresentation statute, Section 5732, R. S. 1929 (6 Mo.
Stat. Ann. 4373), provides: ''No misrepresentation made in obtaining
or securing a policy of insurance on the life or lives or any person
or persons, citizens of this state, shall be deemed material, or render
the policy void, unless the matter misrepresented shall have actually
contributed to the contingency or event on which the policy is to
become due and payable, and whether it so contributed in any case
shall be a question for the jury.'' This court held, in Bowers v.
Missouri Mutual Assn., 333 Mo. 492, 62 S. W. (2d) 1058, that this
statute was applicable to assessment insurance companies. The Court
of Appeals decided the case upon the applicability of this statute to
this case and both sides have briefed and urge consideration of the
question decided in the Bowers case. However, the Bowers case did
not involve age limitations and, because of the view we take, it is
not necessary to discuss the matter of the general applicability of the
statute.

In Carter v. Metropolitan Life Ins. Co., 275 Mo. 84, 204 S. W.
399, this Court en Banc said that what is meant by this section (mis-
representation statute) ''is that no false statement made in the
application for the policy shall avoid the same, unless such statement
concealed a condition which contributed to the death of the insured.''
This court held, under the facts of the Carter case, wherein the re-
quired physical examination was not taken by the insured but by one
impersonating him, ''no real agreement had ever been entered into
by the parties,'' because the party contracting for insurance did not
submit to examination. Therefore, the misrepresentation statute was
held not applicable. Likewise, in Reed v. Travelers Ins. Co., 227 Mo.
App. 1155, 60 S. W. (2d) 59, wherein the insured was in a class
which the policy by its express terms did not insure, the Kansas City

Court of Appeals said that the misrepresentation statute "ought not to be so stretched out of its meaning and purpose as to *destroy all right* of an insurance company to say that it will not insure a designated class of persons especially when the affliction or condition is a *bona fide* matter which actually renders the insurance of such persons *more hazardous* and *less desirable.*" Also, in Langan v. United States Life Ins. Co., 334 Mo. 989, 130 S. W. (2d) 479, this court, overruling several cases to the contrary, ruled that "whatever effect the statute may have on other statements, the misrepresentation statute does not require an insurance company to unqualifiedly base its premium upon the age which the applicant represents himself to be, but permits a contract for equitable adjustment in the event the insured can show the represented age is incorrect." Otherwise stated therein, this statute does not apply to "*a provision of the policy* limiting recovery to the amount of insurance the premium would buy at the correct age of the insured." [For discussion of the legal, practical, and Biblical aspects of the question of age in insurance, see Langan v. United States Life Ins. Co. (Mo. App.), 121 S. W. (2d) 268, l. c. 273.] We, therefore, rule that an insurance company has the right to make reasonable provisions (other than those applying to the health or general physical condition of the insured), in its contract, prohibiting it from applying to persons of a specified class which would increase the risk; and that, as to a person actually in an excluded class, no contract to insure him is made when such person procures the issuance of a contract to him which expressly provides that it does not insure anyone in such class. Of course, as held in the Langan case, this is an affirmative defense upon which the insurance company has the burden of proof.

 In the case of insurance on the assessment plan, when the application, by-laws or articles of association are made a part of the certificate by proper reference, they form a part of the contract of insurance. [Nastav v. Missouri Mutual Assn. (Mo. App.), 47 S. W. (2d) 166; Propst v. Capital Mutual Assn. (Mo. App.), 124 S. W. (2d) 515; see also Beazell v. Farmers' Mutual Ins. Co., 214 Mo. App. 430, 253 S. W. 125; 14 R. C. L. 935, sec. 109; 32 C. J. 1121, sec. 221.] Insurance on the assessment plan is carried only on members of the association or company, and the payment of benefits is "dependent upon the collection of an assessment upon persons holding similar contracts." [Sec. 5745, R. S. 1929, 6 Mo. Stat. Ann. 4398.] The plan of insurance contemplated under Art. 3, Chap. 37 of our statutes (which includes sections referred to herein) is that of levying assessments, equal in amount, upon all members to pay benefits and to establish the required emergency fund as security for its contracts. [Sec. 5749, R. S. 1929, 6 Mo. Stat. Ann. 4403.] Thus it is of greater importance that the risks of all members of assessment associations be more nearly equal, than is true in the case of those insured under

the plan of premiums different for each age of contract. Obviously, this is the principal reason for the statutory limits, and it is intended to protect members of such associations from excessive assessments. Certainly, it is proper for an assessment company to equalize its risks to a greater degree by providing lesser limits than those imposed by statute. It is apparent that the contract in this case, by including these by-laws, definitely stated that it excluded and prohibited from insurance persons over the age of fifty. Our conclusion is that no contract was made with the purported insured in this case, if she was over the age required for members, because, under the specific terms of the contract offered to her, there was no agreement to insure her unless she was within such age. ▉ In other words, the misrepresentation statute applies whenever it is sought *to avoid* a policy because of misrepresentations made in obtaining a contract, upon the terms of which the parties actually agreed and under which the named insured was included; but it cannot be applied *to change* the contract upon which they did agree, and under which the named insured was excluded, so as to make a new and different contract for them. In this case, defendant is not seeking to avoid the contract agreed upon; but instead, plaintiffs, without grounds for reformation, seek to have it changed to insure one whom (if over fifty) by its specifications it did not insure. Plaintiffs are not entitled to have this done.

▉ Plaintiffs point to the authority given to defendant's board of directors to change the age limit for membership. While the directors may have this power (within the statutory limits) if not in conflict with the articles of association, still there is no evidence in this case to show that they ever did increase the age limit above the age of fifty. Plaintiffs also say that they interpret defendant's plea "to be in the nature of a plea of *ultra vires*;" and that "such a plea cannot be made when the contract is fully and completely executed on behalf of one of the parties." The trouble with this argument is, that if the insured was over the age of fifty, she did not either have or perform any insurance contract, because the contract was both that she was of this age and that only a person within the age specified was insured. [See DeLoach v. Ozark Mutual Life Assn. (Ark.), 230 S. W. 268, 14 A. L. R. 921, and note 1. c. 926-927; note 1 A. L. R. 459, 1. c. 463.] Clearly plaintiffs' Instruction No. 1 was wrong, squarely in conflict with defendant's instruction stating that plaintiffs could not recover if Mrs. Parrish was over the age of fifty when the certificates were issued, and prejudicial error.

The judgment is reversed and the cause remanded. · *Bradley* and *Dalton, CC.,* concur.

PER CURIAM;—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.

## On Motion for Rehearing.

HYDE, C.—As a ground for rehearing plaintiffs say that they inadvertently overlooked citing Burgess v. Pan-American Ins. Co. (Mo. Div. I.), 230 S. W. 315, "which is controlling in this instant case." However, we did consider the Burgess case, because it was discussed in Langan v. United States Life Ins. Co. (Div. I), 344 Mo. 989, 130 S. W. (2d) 479, cited and quoted in our opinion. In the Langan case, we pointed out that the Burgess case reached the correct result because "the vital point related to the condition of the insured's health at the date the policy was delivered." As was also pointed out, there was a discussion of misrepresentation of age. We think the ruling on that point (in the Burgess case) was right because that opinion ·states (as to the defense that the company "had a rule by which it would not insure the life of anyone over the age of sixty years, and therefore the policy was void *ab initio*") : "One thing is certain, the rule was not a part of the contract. No such provision appears in the policy or application which together constitutes the contract." Of course no rule of the company (the Burgess contract "was an old-line life insurance policy"), which was not a part of the contract, could have any effect on the contract that actually was made. Therefore, what the Burgess opinion goes on and says, about the effect of the misrepresentation statute (sec. 5732) on an age limitation in a contract, is *obiter,* because it had no such contract provisions or policy before it. Furthermore, the authority for this *obiter* is Burns v. Metropolitan Life Ins. Co., 141 Mo. App. 212, 124 S. W. 539, and Metropolitan Life Ins. Co. v. Stiewing, 173 Mo. App. 108, 155 S. W. 900, both of which held that an age adjustment provision was void under the misrepresentation statute (sec. 5732), and both of which were overruled by the Langan case which upheld the validity of such a provision.

What we hold in this case is this: In assessment insurance, where all persons insured must be members of the association, where all members regardless of age pay the same amounts for their insurance, where each policy is to some extent a contract with every other member, and where our statutes fix maximum age limitations beyond which insurance under this plan is prohibited, that an assessment company may by its contract fix age limitations within and less than the statutory maximum age limits; that such a contract does not insure persons over the age limit specified because it plainly says it does not; and that such persons, over the age which the contract agrees to insure, cannot use the misrepresentation statute to change such a contract so as to bind the company to do what the contract expressly provides it would not do. This must be true because age is a definite and certain matter, like an excepted risk or prohibited hazardous occupation. [See Wendorff v. Missouri State Life Ins. Co., 318 Mo.

363, 1 S. W. (2d) 99; State ex rel. Mutual Ins. Co. v. Shain, 344 Mo. 276, 126 S. W. (2d) 181.] Moreover, the assessment plan statutes (sec. 5751) recognizes that there must be age limits to this plan of insurance. How can a person's statement that he is within a certain age limit put him within it when he is not? Would his statement that he was not engaged in a prohibited occupation, when he was, make the misrepresentation statute applicable to give him insurance when his policy provided that it did not insure anyone in such an occupation? We can see no difference between an excluded age and any other definitely excepted risk or excluded occupation.

Unquestionably, as to a policy in which there was no contract about age limit, or as to persons within the limit where there was one, no misrepresentation as to age (as no misrepresentation about anything else that did not contribute to death) could be a ground for avoidance of the policy. But how can we say, when the contract is an agreement to insure only persons within a certain age limit, that nevertheless such contract can be held to insure a person over the age limit? To say that it does, is not merely to say that misrepresentation as to age prevents avoidance of the contract, but, instead, it is to say that the court will make and enforce a contract to insure a person as to whom there was none agreed upon by the parties. [See Carter v. Metropolitan Life Ins. Co., supra.] Moreover, not only was a contract, to insure only persons under fifty, the only one offered to or agreed upon with plaintiffs' insured, but, in such assessment insurance, defendant (by making this by-law a part of all its contracts) had contracted with every other member that it would not take members over fifty or require them to pay assessments to insure persons over such age. Defendant is not seeking to avoid the contract it offered to and agreed to make with plaintiffs' insured. It stands on the express terms of that contract. We hold that it had the right to make such limitations in its contract, and can be bound only by the contract it agreed to make. We cannot decree the reformation of it (for which no grounds of reformation are stated, such as mistake, etc.), which plaintiffs in effect seek, to hold that defendant was bound to do what its contract expressly provided it was not bound to do.

The motion for rehearing is overruled. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.