336 P.2d 314

Frances M. POND, Plaintiff-Respondent,

v.

IDAHO MUTUAL BENEFIT ASSOCIATION, an Idaho Corporation, Defendant-Appellant.

No. 8700.

Supreme Court of Idaho.

March 3, 1959.

Z. Reed Millar, Boise, for appellant.

Black, Black & Oliver, Pocatello, for respondent.

**40**

SMITH, Justice.

Appellant is a corporation organized and existing pursuant to the mutual benefit insurance statute, Idaho Sess. Laws 1933, c. 110, as amended, now Idaho Code, Title 41, c. 31.

Respondent, as surviving widow and beneficiary of Atwood E. Pond, deceased, brought this action to recover on a policy of life insurance issued by appellant June 26, 1937, insuring decedent's life.

Respondent alleges payment of all the premiums required by the policy; that she made due proof of Pond's death which occurred April 17, 1957, and that appellant refused to make payment to her as beneficiary under the policy. She pleads her entitlement to the face value of the policy together with interest and costs.

Appellant in its answer admits execution of the policy and payment of the premiums but affirmatively defends on the ground that Pond, in his application for the insurance, misrepresented his age.

The trial court overruled respondent's general demurrer to the answer and motion to strike portions thereof.

The parties submitted the matter to the trial court on stipulation of facts. The court thereupon made its findings of fact and conclusions of law, and entered judgment in respondent's favor. Appellant perfected an appeal from the judgment.

The facts are undisputed, and stipulated to be: That Pond in his application for insurance stated his birth date to be May 19, 1887, whereas respondent beneficiary stated it May 19, 1886, in the proof of Pond's death which she submitted to appellant; that Pond's true birth date was May 19, 1886; that Pond's signed application for insurance by appellant contains the following provision:

"I hereby warrant that the answers to the above questions and statements to be true and correct, and I

agree that any false statement, misrepresentation or concealment of any material fact, shall render void any certificate contract based hereon, and shall bar the right of any beneficiary to collect thereon."

that certain of appellant's by-laws in effect when Pond applied for the insurance provided:

"Members. All persons are eligible to become members of the life division of the Association who are * * at the date of approval of the application for membership, * * * between the ages of 1 and 50 years."

that the policy of insurance issued Pond contains the provisions:

"Qualification

"This policy is issued with the understanding that the applicant is within the age limits * * * in accordance with the age limits of the Association on the date benefits become effective, * * *.

"Misstatement of Age

"Persons older than the maximum age limit of the Association, in accordance with the age limits of the Association, on the date benefits become effective, are not eligible for membership or insurance benefits under this policy. If the Member was older than the effective maximum age on the date benefits become effective, and such information was not disclosed to the Association in the application, the Association shall be liable only for the amount paid to the Association in behalf of such Member on this policy."

and that the policy further provided:

"This policy and the application for it, a copy of which is attached, is the entire contract between the Member and Association except that the Member shall be bound by any enacted provisions of the by-laws and articles of incorporation. All answers and statements made by the Member in the absence of fraud shall be deemed representations and not warranties. Any such representations, if proven untrue, shall void this policy and relieve the Association from all liability under this policy."

also, that the policy contained the following incontestability clause:

"Incontestability

"This policy shall be incontestable after it has been in force during the life of the insured for a period of two years from its date of issue, except for nonpayment of any sums due, and except for participation in naval or military service in time of war, aeronautics, suicide or willful act of beneficiary as prescribed in this policy,

and except as to provisions relative to benefits in event of total and permanent disability or accident benefits."

The parties further stipulated the introduction in evidence of the application for insurance signed by Pond, the policy of insurance issued to Pond, and the proofs of Pond's death.

Appellant made due tender to respondent, as a refund, of all amounts which Pond, during his lifetime, had paid as premiums on the policy, which respondent refused to accept. Appellant continues the tender.

The mutual benefit insurance statute, supra, does not authorize a provision in the insurance contract limiting recovery to the amount of insurance the premium would purchase for an insured at his correct age, rather than at an incorrect misrepresented age; nor does the policy and instruments constituting the insurance contract herein, contain any such a provision; therefore, decisions relating to insurance contracts permitting proportionate recoveries limited by the amount of insurance the premiums would purchase for the assureds at their correct ages, which admit the validity of such insurance contracts, have no application in the case at bar. See discussion in Langan v. United States Life Ins. Co., Mo. App., 121 S.W.2d 268.

Appellant's specifications of error raise the question whether the incontestability clause of the policy estops appellant from raising as a defense to payment of the policy, Pond's misstatement of his age in his application for the insurance. Appellant contends that Pond, being 51 years of age, instead of 50 years as misrepresented, was ineligible for membership in appellant Association and for the insurance written; that Pond's misrepresentation of his age constituted a misrepresentation of a material fact which rendered the policy invalid.

Appellant's further position is, that the incontestability clause does not preclude appellant from defending against payment, because of the misrepresentation as to age, inasmuch as such misrepresentation renders the insurance contract void ab initio, as shown by the policy of insurance and the instruments therein related, constituting the contract; that thus the incontestability clause has no application herein.

"The incontestability clause presupposes a valid contract and not one void ab initio." 45 C.J.S. Insurance § 749, p. 768; Obartuch v. Security Mut. Life Ins. Co., 7 Cir., 114 F.2d 873, certiorari denied 312 U.S. 696, 61 S.Ct. 730, 85 L.Ed. 1131, rehearing denied 312 U.S. 716, 61 S.Ct. 824, 85 L.Ed. 1146; Ludwinska v. John Hancock Mut. Life Ins. Co., 317 Pa. 577, 178 A. 28, 98 A.L.R. 705; Fisher v. United States Life Ins. Co. in City of New York, D.C.Md., 145 F.Supp. 646, affirmed 4 Cir., 249 F.2d 879; Hall v. Missouri Ins. Co., Mo.App., 208 S.W.2d 830.

"In case of insurance on the assessment plan, when the application, by-laws, or articles of association are made a part of the certificate by proper reference, they form a part of the contract of insurance." Johnson v. Central Mut. Ins. Ass'n, 346 Mo. 818, 143 S.W.2d 257, 260, 160 A.L.R. 289. "This contract measures the obligations of the members and the liability of the association or governing body." Sovereign Camp, Woodmen of the World v. Newsom, 142 Ark. 132, 219 S.W. 759, 762, 14 A.L.R. 903; Annotation 1 A.L.R. 463; Annotation 14 A.L.R. 927; Annotation 160 A.L.R. 299; 44 C.J.S. Insurance § 301, p. 1209 and § 303, p. 1220. It has been generally held that where the constitution or by-laws of such an association fix the insurable age limits, a false statement of age by one beyond such fixed age will avoid the risk, whether the statement be regarded as a warranty or representation, the reason being, that the insurer is without power to insure anyone whose age exceeds such age limitation. Annotation 1 A.L.R. 463 and Annotation 160 A.L.R. 299 re effect of provisions of constitution or by-laws fixing age limits, and citing cases in support thereof decided in Arkansas, Colorado, Connecticut, Illinois, Louisiana, Maine, Michigan, New York and Texas; see additionally, John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Cronin, 139 N.J.Eq. 392, 51 A.2d 2, 169 A.L.R. 355; Adams v. National Casualty Company, Okl., 307 P.2d 542.

Johnson v. Central Mut. Ins. Ass'n, 346 Mo. 818, 143 S.W.2d 257, 260, 160 A.L.R. 289, disposes of an identical situation as herein. In that case the insurance association was organized on the mutual assessment plan. Its by-laws provided that its members "shall consist of persons from 15 to 50 years of age." The insurance association issued two certificates of insurance to the insured upon her representation that she was 50 years of age, whereas in fact she was 55 years of age. The association defended on the ground that the certificates were void from the beginning, because the plan of the Association forbade insuring anyone over 50 years of age. The Missouri Court, in upholding the association's contention, stated:

"* * * It is apparent that the contract in this case, by including these by-laws, definitely stated that it excluded and prohibited from insurance persons over the age of fifty. Our conclusion is that no contract was made with the purported insured in this case, * * *, because, under the specific terms of the contract offered to her, there was no agreement to insure her unless she was within such age [50 years]. * * * In this case, defendant is not seeking to avoid the contract agreed upon; but instead, plaintiffs, without grounds for reformation, seek to have it changed to insure one whom (if over fifty) by its spec-

ifications it did not insure. Plaintiffs are not entitled to have this done."

The Court on rehearing further pointed out:

"Unquestionably, as to a policy in which there was no contract about age limit, or as to persons within the limit where there was one, no misrepresentation as to age * * * could be a ground for avoidance of the policy. But how can we say, when the contract is an agreement to insure only persons within a certain age limit, that nevertheless such contract can be held to insure a person over the age limit? To say that it does, is not merely to say that misrepresentation as to age prevents avoidance of the contract, but, instead, it is to say that the court will make and enforce a contract to insure a person as to whom there was none agreed upon by the parties. [Citations.] Moreover, not only was a contract, to insure only persons under fifty, the only one offered to or agreed upon with plaintiffs' insured, but, in such assessment insurance, defendant (by making this by-law a part of all its contracts) had contracted with every other member that it would not take members over fifty or require them to pay assessments to insure persons over such age."

The Missouri decision also pointed out that the insurance company was only standing upon the limitations to which the parties agreed, which prevented an enforceable contract of insurance. Such is the identical position taken by appellant herein. Quoting further from the Missouri decision:

"Defendant is not seeking to avoid the contract it offered to and agreed to make with plaintiffs' insured. It stands on the express terms of that contract. We hold that it had the right to make such limitations in its contract, and can be bound only by the contract it agreed to make. We cannot decree the reformation of it (for which no grounds of reformation are stated, such as mistake, etc.), which plaintiffs in effect seek, to hold that defendant was bound to do what its contract expressly provided it was not bound to do."

In Hemphill County Home Protective Ass'n v. Richardson, Tex.Civ.App., 264 S. W. 294, 297, the by-laws of the mutual aid association excluded membership of persons over 55 years of age. The insured represented in his application that he was of the age of 54, whereas he was actually over the age limit prescribed in the Association's by-laws. The Texas Court in holding that the misrepresentation in the application as to assured's age was material, stated:

"The misrepresentation [as to assured's age] * * * goes to the very foundation of the contract. Whether it is made a warranty or a condition is

not important, since it is the misstatement of a material fact as a matter of inducement to the formation of the contract amounting to fraud in law and avoids the certificate, both as to the assured and the beneficiary."

In De Loach v. Ozark Mutual Life Ins. Ass'n, 148 Ark. 414, 230 S.W. 268, 269, 14 A.L.R. 921, the by-laws of the mutual association limited its membership to persons between the ages of 10 and 60 years. The proof of death disclosed the fact that the assured was past 60 years of age at the time of issuance to her of two certificates of membership in the Association. In that case, as here, the application contained recitations to the effect that to render the certificate valid, questions in the application must be answered correctly. It developed that the assured had not knowingly or wilfully misrepresented. The Court held that the rule governing the facts in the case was correctly stated in Joyce, Insurance, Vol. 3, 2d ed., p. 3258, as follows:

" 'And if the by-laws of a benefit insurance company prohibit it from receiving a member above a certain age, the society is not bound by a certificate of insurance issued to a member over that age whose application contained a false statement as to his age. So a misstatement as to age where insured was over the insurable age of admission to a society will constitute a defense irrespective of the question whether such false statement be held a representation or a warranty.' "

and after citing a wealth of authority, affirmed the judgment of the lower court denying recovery on the certificate of insurance.

Appellant's specifications also assign error of the trial court in concluding that appellant became equitably estopped from raising the defense of misrepresentation of age, after having accepted the premium payments over 20 years.

The record shows that appellant assumed the burden of proof of showing Pond's representation as to his age and falsity thereof. The representation was of a material fact, Elliott v. Knights of the Modern Maccabees, 46 Wash. 320, 89 P. 929, 13 L.R.A.,N.S., 856; Hemphill County Home Protective Ass'n v. Richardson, supra; Annotation 160 A.L.R. 296. The instruments intended to constitute the insurance contract show that appellant issued the policy upon the understanding and reliance that Pond's representations were true in all respects. 29 Am.Jur., Insurance, § 525, p. 424. Appellant's by-laws and the instruments intended as the insurance contract forbade acceptance of the insurance coverage at Pond's true age. The proof of death revealed Pond's age, and the stipulation settled any dispute relating thereto and unequivocally proves Pond's true age.

## 46

The stipulation proves that appellant, after learning Pond's age from the proof of death, acted promptly in tendering to respondent all premiums paid, according to the agreement that should appellant obtain information of Pond's ineligibility for the insurance contract because of the age limitation, appellant's liability should be only for the amount of premiums paid.

The undisputed facts proven point to the inescapable conclusion that appellant discovered Pond's misrepresented age upon receipt of the proof of death and that it thereupon acted promptly in tendering to respondent the premiums paid. It therefore follows that appellant was not guilty of laches, and cannot be held equitably estopped under all the circumstances shown herein; and particularly so since the intended contract of insurance was void since in contravention of the governing by-laws of the association forbidding any such insurance contract. 44 C.J.S. Insurance § 275, p. 1099; 46 C.J.S. Insurance § 1464, p. 797.

We therefore conclude that appellant's assignments are meritorious. The judgment in respondent's favor must be reduced, as appellant contends, to the amount of appellant's tender, as a refund, of the premiums paid.

The judgment of the district court against appellant in favor of respondent is modified by reduction to the sum of $548.25, and affirmed as so modified.

Costs to appellant.

PORTER, C. J., and TAYLOR and McQUADE, JJ., concur.

KEETON, C. J., sat as the hearing but retired prior to decision.